PETERSON *against* CLARK.

IN ERROR, to the court of common pleas of the county of *Madison.*

The defendant in error, who was the plaintiff in the court below, brought an action on the case, in the nature of an action of waste, against the plaintiff in error, the defendant in the court below. The declaration stated, that the plaintiff below was, on the 1st of *October,* 1816, seized in his demesne, as of fee, in certain lands and tenements, whereof the defendant was in the possession and occupation, and that divers timber trees, &c. were growing on the said lands and tenements, and parcel of the freehold and inheritance thereof, and that the defendant cut down and destroyed divers timber trees, &c. and converted them to his own use. To this was added a count in trover for the conversion of one hundred pine trees, one hundred oak trees, &c. of the plaintiff. The defendant pleaded the general issue, and three special pleas, in which he alleged himself to be seised in fee of the premises, and denied the seisin of the plaintiff. The plaintiff replied, taking issue on the special pleas. The cause was tried at the *June* term, 1817, of the court below.

At the trial, the plaintiff gave in evidence a patent issued the 30th of *November,* 1811, to *Isaac Van Camp,* for lot No. 81, in the *Canastola* tract, in the county of *Madison,* which is the premises in question, and a deed with warranty, dated the 16th of *August,* 1815, for the same lot from *Van Camp* to the plaintiff. A defeasance bearing even date with the

*Where land is conveyed absolutely, and the grantee, by a separate instrument, or defeasance, covenants to reconvey to the grantor on his paying a certain sum of money, the transaction amounts only to a mortgage.*

*A mortgagee cannot maintain an action of waste against the mortgagor, at least until after a forfeiture of the mortgage.*

*And he has no property in trees cut down by the mortgagor, so as to maintain trover against him.*

*A person having an expectant interest in land, less than the inheritance, cannot maintain an action for waste.*

NEW-YORK,  deed between the plaintiff of one part, and *Van Camp* of
May, 1818.  the other part, was then given in evidence.  This defeasance
PETERSON  recited the deed, and that *Van Camp* was indebted to the
v.  plaintiff in the sum of 433 dollars and 28 cents, to be paid
CLARK.  with lawful interest by the 16th of *August*, 1817, and the
plaintiff covenanted on payment of the said sum of money
*to* re-deliver the patent and re-convey the land to *Van
Camp*, and that on such payment the deed from *Van Camp*
to the plaintiff should become void, and his estate in the
land should cease.  It was further covenanted, that *Van
Camp* should continue in possession of the premises free of
rent for the space of two years from the date of the instru-
ment, and that he should not commit waste on the premises,  ·
except the cutting of five pine trees, and the necessary wood
for his fire and fences, and whatever buildings he should see
fit to erect on the premises, &c.  The instrument was exe-
cuted by both the plaintiff and *Van Camp*.  *Van Camp*, af-
terwards, by assignment bearing date the 22d of *April*,
1816, in consideration of 1,000 dollars, assigned the defeas-
ance to the defendant below, and his heirs and assigns.
The plaintiff then proved that the defendant was in posses-
sion of the lot under the defeasance and assignment, and
that he had cut timber to the value of 100 dollars.  The
defendant's counsel objected to the plaintiff's right to re-
cover in this form of action,(*a*) and also insisted that the
action was prematurely brought; but the court overruled the
objections, and charged the jury in favour of the plaintiff,
who, accordingly, found a verdict for the plaintiff for 100
dollars.

The defendant below tendered a bill of exceptions to the
opinion of the court, which was removed into this court by
writ of error, and was submitted without argument.

*Per Curiam.*  There can be no doubt but that the deed
from *Van Camp* to *Clark*, and defeasance given back, amount-
ed only to a mortgage,(*b*) and the simple question then is,

(*a*) Notwithstanding a lease may contain a covenant against waste, the lessor has
still an election to bring an action on the case for waste committed during the term.
*Kenlyside* v. *Thornton*, *W. Bl. Rep.* 1111. 2 *Saund.* 252. c.

*b* S. P. *Dey* v. *Dunham*, 2 *Johns. Ch. Rep.* 189.

whether a mortgagee can maintain an action of waste against the mortgagor, before the forfeiture of the mortgage ; for the waste alleged to have been committed in this case, was before the expiration of the time limited for the payment of the money secured by the mortgage. Indeed, the present suit was commenced before that time. Waste is an injury done to the inheritance, and the action of waste is given to him who has the inheritance in expectancy, in remainder, or reversion ; but it is expressly laid down by *Blackstone*, (3 *Bl. Com.* 225.) that he who hath the remainder for *life only*, is not entitled to sue for waste, since his interest may never, perhaps, come into possession, and then he has suffered no injury. So, likewise, with respect to the mortgagee, especially when the mortgage is not forfeited, his interest in the land is contingent, and may be defeated by payment of the money secured by the mortgage ; and it must follow, as matter of course, that he has not such interest in the timber as to sustain an action of trover. The judgment of the court below must be reversed.(*a*)

Judgment reversed.

(*a*) " An injunction lies against a mortgagor in possession to stay waste. The court will not suffer him to prejudice the security." *Brady* v. *Waldron*, 2 *Johns. Ch Rep.* 148.