# SUPREME JUDICIAL COURT,

### FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM, 1873, AT SALEM.

PRESENT:

Hon. HORACE GRAY, Chief Justice.
Hon. JOHN WELLS,
Hon. SETH AMES,
Hon. MARCUS MORTON, } Justices.
Hon. CHARLES DEVENS, Jr.,

---

## JAMES BYROM vs. WILLIAM C. CHAPIN & another.

A mortgagee can maintain an action against the mortgagor for substantial and permanent damage done by him to the mortgaged property, even though in its damaged condition it is of sufficient value to satisfy the mortgage debt.

A reasonable satisfaction, made in good faith to a prior mortgagee for damage done to the mortgaged property, bars an action brought for such damage by a subsequent mortgagee.

In an action brought by a second mortgagee against one who has damaged the mortgaged property by a removal of fixtures, but who has made a payment therefor to the first mortgagee, evidence is admissible to show that the articles removed were of greater value than the sum so paid, and also to show that the damage caused to the premises by their removal was greater in amount than that sum.

TORT upon the following declaration : "And the plaintiff says that one George L. Allen, being the owner of a certain parcel of land with the dwelling-house thereon, situate on the northerly side of Tremont Street in said Lawrence, on the 1st day of April,

1869, mortgaged the same to one Eben L. Chapman, to secure the payment of three thousand dollars, in three years from said date, with interest thereon; and afterwards, to wit, on the 7th day of May, 1870, said Allen conveyed by mortgage deed the same premises to plaintiff, subject to said first mentioned mortgage, to secure the payment of twenty-three hundred dollars with interest thereon, said sum of money being then and there loaned and advanced by said plaintiff to said Allen. And the said defendants afterward, and while said plaintiff's mortgage remained unpaid in any part, without right entered said dwelling-house, and tore up, injured and destroyed the floor, walls, ceilings and other inside finish of said dwelling-house, and tore out, took and carried away the water fixtures, water-pipe and other water and bathing fixtures, as also the gas fixtures, all in said dwelling-house, and attached thereto and part and parcel thereof; whereby the plaintiff's said security for his said loan and advancement of money, as aforesaid, was greatly lessened, and impaired and destroyed."

The defendant Chapin filed the following answer: "And now comes said defendant Chapin, and for answer to said plaintiff's declaration, denies each and every allegation therein contained in either count thereof. And said defendant further says, that he was the owner of the premises described in said declaration, and that whatever he did, he did in the lawful exercise of his rights as owner of said premises. And further he says that George L. Allen conveyed to him the said estate and all his right of redeeming the same from the mortgage to said Chapman and to this plaintiff; and that the defendant thereupon, as he might lawfully do, sold said premises, subject to said mortgages, and also sold part of the water-pipes and fixtures of said house, at public auction, with the full knowledge and consent of said Chapman; and that he paid to said Chapman the full amount of the proceeds of said sale, on account of his mortgage, and the said Chapman received the same on account of said mortgage; and that the plaintiff received the benefit thereof, by the reduction of said first mortgage and the debt secured thereby. And the defendant further says that whatever he did in the premises was with the full license and consent of the plaintiff."

The other defendant justified under Chapin.

At the trial in the Superior Court, before *Brigham,* C. J., there was undisputed evidence of the following facts : May 7, 1870, George L. Allen mortgaged the premises to the plaintiff to secure payment of $2300. The premises were at the time subject to a prior mortgage from Allen to E. L. Chapman, made April 1, 1869, to secure payment of $3000 in three years. The balance due on this mortgage was paid by the plaintiff April 20, 1871. Prior to this payment, May 21, 1870, Allen conveyed the equity of redemption of the premises to the defendants, who thereupon sold, and permitted the purchasers to sever from the premises, the property described in the declaration, and paid the proceeds, $230, to E. L. Chapman, as a part payment of the debt secured by the mortgage to him. Chapman gave the defendants the following receipt for the money :

" Lawrence, Oct. 1, 1870. Received of Wm. C. Chapin, agent, two hundred and thirty dollars, viz. : one hundred and fifty, 6 months interest and eighty dollars on account principal, all indorsed on note of Geo. L. Allen to E. L. Chapman (April 1, 1869, for $3000) in payment for lead pipe, copper boiler, wash tubs, gas fittings, &c., bought for and used in Walworth House, Concord Street. E. L. Chapman."

This payment of $230 was treated by the plaintiff as a part payment of the debt secured by the mortgage when he paid the balance due upon it.

The plaintiff offered to prove that all the piping, fixtures, apparatus and appliances for introducing water into and over the house on the premises, together with a force pump, a leaden lining of a water tank, marble slabs, basins, copper boiler and pipe, set wash tubs, gas chandeliers, brackets and fixtures were taken from the house by the defendants, and that the articles taken much exceeded in value the sum paid by the defendants to Chapman on the mortgage. He also offered to prove the amount of the injury to the premises in the floors, partitions, walls and ceilings of the house, and in severing the piping and fixtures, and that after the breach of the condition of the mortgage to him, he had attempted to sell the premises at auction under a power of sale contained

in the mortgage, but that in consequence of the defendants' acts the premises could not be sold for a sum sufficient to satisfy the mortgage.

The court rejected the evidence, and ruled that it would not in legal effect control or qualify the undisputed facts of the case, and that upon the legal effect of these undisputed facts the defendants were entitled to a verdict, and thereupon the jury found a verdict for the defendants by direction of the court. The facts and the questions of law arising upon the rejection of the evidence offered, and the ruling of the court upon the legal effect of the evidence, were reported and submitted for the determination of this court, at the request of the parties.

If the rulings of rejection of evidence and direction of the court, and the verdict of the jury thereupon, were erroneous, a new trial was to be ordered ; otherwise, judgment was to be entered on the verdict.

*E. T. Burley*, for the plaintiff.

*S. B. Ives, Jr., & C. U. Bell*, for the defendants.

WELLS, J. This case must be governed by the decision in *Gooding* v. *Shea*, 103 Mass. 360. The owner of the equity has no more right than a stranger to impair the security of the mortgagee by removal of buildings or fixtures, thereby causing substantial and permanent injury and depreciation to the mortgaged estate. The right of action in such case is based upon the plaintiff's interest in the property ; and the damages are measured by the extent of injury to that property. *Woodruff* v. *Halsey*, 8 Pick. 333. *Page* v. *Robinson*, 10 Cush. 99. It does not depend upon, and the damages are not to be measured by, proof of insufficiency of the remaining security. The mortgagee is not obliged to accept what remains, as satisfaction *pro tanto* of his debt, at any valuation whatever. He is entitled to the full benefit of the entire mortgaged estate for the full payment of his entire debt.

When such injury has been done, reasonable satisfaction fairly made in good faith to the first mortgagee will discharge the claim as to all other interests.

The receipt offered by the defendants in this case does not purport to be an acknowledgment of satisfaction for the injury done to the mortgaged premises. It is a receipt merely of $230, as the proceeds of certain articles sold, and purchased for use in another building. Assuming them to be the same, and all that were removed from the house covered by the mortgage, and the amount so received their full and fair value for the use designated, still it is their value only as articles of personal property detached from the building. That may be no measure of the injury occasioned to the building by their removal. The plaintiff offered to prove, not only that the articles so removed and sold were of much greater value in themselves than $230, but also that the injury to the building caused by their removal was much greater than the value of the articles so removed. This evidence was competent, not only upon the question of damages, in case of recovery by the plaintiff, but also upon the question whether the injury had been settled and satisfied by the payment to the first mortgagee.

The ruling excluding this evidence, as well as the ruling that the action could not be maintained, were erroneous, and there must accordingly be a _New trial._