ANSEL SEARLE, executor, *vs.* AMOS SAWYER.

Hampshire. September 18, 1878; September 3. — October 25, 1879.

A mortgagee of land, although not in possession, may maintain an action of tort in the nature of trover against a person who buys of the mortgagor wood and timber wrongfully cut by the latter from the mortgaged premises.

Whether the cutting of timber on mortgaged land is wrongful or not depends upon the nature of the land and the circumstances of the case, and is a question for the jury.

MORTON, J. This is an action of tort for the conversion of a quantity of wood and timber.

It appeared at the trial that one Warren, being the owner of a lot of wood-land, mortgaged it to the plaintiff's testator; and that, after the condition of the mortgage was broken, but before the mortgagee had taken possession, Warren cut the wood and timber in question and sold it to the defendant. The presiding justice of the Superior Court ruled that, " if the defendant bought of the mortgagor wood and timber cut from the mortgaged premises, and exercised such acts of ownership over the same as would amount to a conversion, then he would be liable to the mortgagee for the value of the same, without any previous demand, and although he bought the same in good faith and without any notice or knowledge of any claim upon the same." To this ruling the defendant excepted.

Upon the question whether, if a mortgagor commits waste by removing buildings, wood, timber, fixtures or other parts of the realty, the mortgagee out of possession can follow the property after it has been severed, and recover it or its value, there have been conflicting decisions in different jurisdictions. In New York and Connecticut, it has been held that a mortgagee out of

possession cannot maintain an action at law for waste committed by the mortgagor ; and that he has no property in wood or timber cut and removed, so as to enable him to maintain trover for its conversion. *Peterson* v. *Clark*, 15 Johns. 205. *Cooper* v. *Davis*, 15 Conn. 556. On the other hand, it has been held in Maine, New Hampshire, Vermont and Rhode Island, that timber, if wrongfully cut and removed by the mortgagor, remains the property of the mortgagee out of possession, and he may recover its value of the mortgagor or a purchaser from him. *Gore* v. *Jenness*, 19 Maine, 53. *Frothingham* v. *McKusick*, 24 Maine, 403. *Smith* v. *Moore*, 11 N. H. 55. *Langdon* v. *Paul*, 22 Vt 205. *Waterman* v. *Matteson*, 4 R. I. 539.

We are not aware that this precise question has been adjudicated in this state, but the previous decisions of this court, in regard to the rights of mortgagees and the nature of their interest in the mortgaged estate, are such as to lead to the conclusion that a mortgagee out of possession is entitled to timber, fixtures and other parts of the realty wrongfully severed, and may recover them, or their value, if a conversion is proved. In *Fay* v. *Brewer*, 3 Pick. 203, it was held that a mortgagee in possession, but before foreclosure, could maintain an action on the case in the nature of waste against a tenant for life, for cutting down trees on the mortgaged land before he took possession, and the court in the opinion comment on the case of *Peterson* v. *Clark*, 15 Johns. 205, as not being of authority here, " since the law of mortgage in New York is so different from our own."

In *Page* v. *Robinson*, 10 Cush. 99, it was held that a mortgagee, after condition broken, though not in actual possession, could maintain trespass against the mortgagor, or one acting under his authority, for cutting and carrying away timber-trees from the mortgaged premises, without license express or implied from the mortgagee.

In *Cole* v. *Stewart*, 11 Cush. 181, it was held that an action at law would lie by a mortgagee not in possession against one who, under authority from the mortgagor, removed a building from the mortgaged land.

In *Butler* v. *Page*, 7 Met. 40, a second mortgagee sold to the defendant a building standing on the mortgaged land, who took it down and removed the materials. It was held that the ad-

ministrator of the mortgagor could not maintain trover for the materials, as the fee of the mortgaged premises was in the mortgagees, and the removal of the building vested no property in the materials in the mortgagor's representative.

In *Wilmarth* v. *Bancroft*, 10 Allen, 348, a house standing on mortgaged land was partially destroyed by fire. The mortgagor sold to the defendant such materials as were saved, and brought this action to recover the price agreed to be paid. It was held that the fact that the mortgagee had claimed the agreed price, and forbidden the defendant to pay it to the mortgagor, was a good defence. The opinion is put upon the ground that the partial burning of the house, and the consequent severance of the unburnt materials, " did not terminate or affect the mortgagee's interest in the fixtures."

So it has been held in several cases that a mortgagee out of possession may maintain an action at law against the mortgagor or a stranger for removing fixtures and thus impairing the security. *Gooding* v. *Shea*, 103 Mass. 360. *Byrom* v. *Chapin*, 113 Mass. 308. *King* v. *Bangs,* 120 Mass. 514.

The fair result of these authorities is that, under our law, a mortgagee is so far the owner in fee of the mortgaged estate that, if any part of it is wrongfully severed and converted into personalty by the mortgagor, his interest is not divested, but he remains the owner of the personalty, and may follow it and recover it or its value of any one who has converted it to his own use. *Stanley* v. *Gaylord*, 1 Cush. 536. *Riley* v. *Boston Water Power Co.* 11 Cush. 11.

But the severance must be wrongful, and, where it is made by the mortgagor or one acting under his authority, whether it is wrongful or not will depend upon the question whether a license to do the act has been expressly given, or is fairly to be implied from the relations of the parties. The true rule is as stated in *Smith* v. *Moore*, 11 N. H. 55, and approved in *Page* v. *Robinson*, 10 Cush. 99, that acts of the mortgagor in cutting wood and timber, or otherwise severing parts of the realty, are not wrongful when from the circumstances of the case the assent of the mortgagee may be reasonably presumed. The relation between a mortgagor and mortgagee is a very peculiar one. The mortgagee takes an estate in fee, but the sole purpose of the mort-

gage is to secure his debt. Usually in this state the mortgage contains a provision that the mortgagor may retain possession until condition broken. The object of this is that the mortgagor may have the use and enjoyment of his property, and it implies a license to use it in the same manner as such property is ordinarily used, and as will not unreasonably impair the adequacy of the security. If a mortgage be of a dwelling-house, the mortgagor may do many acts, such as acts of repair or alteration, which may involve the removal of parts of the realty, which would not be wrongful because within the license implied from the relations of the parties. If a farmer mortgages the whole or a part of his farm, with a clause permitting him to retain possession, as was probably the case at bar, it is within the contemplation of the parties that he is to carry on his farm in the usual manner, and a license to do so is implied. In such case, it is clear that he is entitled to take the annual crops, and wood for fuel. *Woodward* v. *Pickett*, 8 Gray, 617. And we do not think that the implied license is necessarily limited to the annual crops, but that it extends to any acts of carrying on the farm which are usual and proper in the course of good husbandry. If, in carrying on similar farms, it is usual and is good husbandry to cut and carry to market wood and timber to a limited extent, a license to do this might be implied from the relation of the parties.

The bill of exceptions furnishes us with so meagre and imperfect a history of the case, that we are unable to say how far these considerations are applicable in the case at bar. But the ruling of the presiding justice seems to have been general, that the defendant would be liable if the wood and timber were cut from the mortgaged premises, and to have excluded the question whether, under the circumstances of the case, the assent of the mortgagee thereto could fairly be presumed by the jury. We are of opinion that this question should be submitted to the jury, and, therefore, that a new trial must be ordered.

*Exceptions sustained.*

*D. W. Bond & J. B. Bottum*, for the defendant.
*D. Hill*, for the plaintiff.