### ARABELLA J. WILBUR *vs.* C. C. MOULTON.

Hampden. September 24, 1878. — October 25, 1879.

A mortgagee of land, although not in possession, may maintain an action of tort in the nature of trover against a person whose servant unlawfully takes turf from the mortgaged land, and uses it in his master's business.

TORT for the conversion of a quantity of turf. Answer, a general denial. Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions, which, after stating the case, was as follows:

"The land from which the turf was taken was owned by one Fowler, subject to a mortgage to the plaintiff; the conditions of the mortgage had been broken; but no foreclosure proceedings

had been begun, and Fowler was still in possession The defendant, while doing some repairs on the house and door-yard of one Rice, in the city of Springfield, employed Fowler to turf the door-yard of said Rice. Fowler took turf for that purpose from land covered by the plaintiff's mortgage, and with it turfed said yard. The defendant was not present when the turf was delivered and placed upon Rice's yard. The defendant paid Fowler for the turf and for his labor, and charged for said turfing in his bill to Rice. No question arises upon the question of demand.

" The defendant asked the judge to rule that upon this state of facts the plaintiff could not maintain her action. The judge refused so to rule; the case was submitted to the jury, and a verdict was rendered for the plaintiff. The defendant alleged exceptions to the foregoing refusal to rule."

*A. M. Copeland*, for the defendant.

*G. M. Stearns*, for the plaintiff.

MORTON J. This bill of exceptions, as we understand it, does not show that there was any erroneous ruling in matter of law at the trial. The question whether the plaintiff as mortgagee could maintain this action for the value of the turf removed from the mortgaged land is governed by the principles stated in *Searle* v. *Sawyer*, *ante*, 491. Upon this point, the instructions given by the court were not excepted to, and are not stated. It must, therefore, be assumed that they were correct; and that the jury found that Fowler, in severing the turf, acted without any express or implied license from the plaintiff, and was a trespasser. This being so, the plaintiff can recover the value of the turf from the defendant, if he converted it to his own use. The defendant does not argue in this court, that, under the circumstances of this case, the mortgagee cannot follow the turf and recover its value of Fowler; but he contends that he is not liable for the tortious acts of Fowler, because Fowler was not his servant, but turfed the yard of Rice under an independent contract. But this was a question of fact for the jury.

The bill of exceptions does not show that Fowler was acting for himself as a contractee. It shows only that the defendant employed Fowler to turf the door-yard of Rice. It was for the jury to say, upon the evidence, whether he employed Fowler as a contractee or as his servant. It was competent for them to

find that Fowler was acting throughout as the servant of the defendant; and that the defendant was, therefore, responsible for his acts in taking the turf, and appropriating it to the defendant's use. If so, such taking and use by Fowler was a conversion by the defendant, and he is liable for its value.

*Exceptions overruled.*