*W. S. B. Hopkins & B. W. Potter*, for the plaintiff.
*C. A. Merrill*, for the defendants.

---

## DEBORAH C. JAMES *vs.* CITY OF WORCESTER.

Worcester. Oct. 2, 1885. — March 31, 1886. FIELD & C. ALLEN, JJ.,
absent.

Mortgaged land was permanently injured by water which escaped from a reservoir in consequence of the giving way of a dam built by a city under legislative authority. After the mortgagee had brought an action against the city, which denied its liability, the amount of damages to the land was submitted to arbitration, under an agreement that the city should pay two thirds only of the amount found by the arbitrators. The city paid to the mortgagee two thirds of such amount, and received a discharge in full from him. *Held*, that this settlement, if made in good faith, was a bar to an action by the mortgagor against the city for the damage to the land.

W. ALLEN, J. The defendant, under authority from the Legislature, built a dam and maintained a reservoir for the

purpose of supplying its inhabitants with water.* This action is brought to recover for damages to the plaintiff's land by water which escaped from the reservoir in consequence of the giving way of the dam. The land was subject to a mortgage, and the defendant settled with the mortgagee for all the damages, and received a discharge in full from him.

The first question is, whether the settlement by the mortgagee is a defence to this suit by the mortgagor.

In general, the mortgagee of land is entitled to the damages for a permanent injury to the land impairing the value of his security. *Searle* v. *Sawyer*, 127 Mass. 491. *Wilbur* v. *Moulton*, 127 Mass. 509. *Page* v. *Robinson*, 10 Cush. 99. *Cole* v. *Stewart*, 11 Cush. 181. *Gooding* v. *Shea*, 103 Mass. 360. *Byrom* v. *Chapin*, 113 Mass. 308.

The plaintiff contends that this rule only goes to the extent of recognizing the right of the mortgagee to the possession of things that have been wrongly severed from the realty and converted into personal property, as in the two cases cited above from 127 Mass. But the other cases cited show that the right of action of the mortgagee is based upon his interest in the property, and that his damages are measured by the extent of injury to the property.

While the paramount right to sue for and recover the damages was in the mortgagee, yet he would hold what he recovered under the mortgage, and the mortgagor had an interest in the question of the amount to be recovered, and the parties were bound to act with due regard to his interests. The plaintiff contends that she is not bound by the settlement between the mortgagee and the defendant, because it was made under an agreement between them that the amount of damage to the land should be ascertained by arbitration, and that the mortgagee should discharge the defendant on the payment of two thirds of the amount found; and that the amount paid was but two thirds of the amount of the damages.

The rule, as laid down in *Byrom* v. *Chapin, ubi supra,* is, that "reasonable satisfaction fairly made in good faith to the first

---

* See Sts. 1854, c. 338; 1856, c. 189; 1861, c. 118; 1864, c. 104; 1871, c. 361.

mortgagee will discharge the claim as to all other interests." The authority of the mortgagee to refer the claim or submit it to arbitration, or to compromise and settle it, cannot be questioned; but the plaintiff contends that the agreement to take two thirds of the ascertained amount was unreasonable, and that the amount paid was inadequate. The court refused to rule, as requested by the plaintiff, that the payment of two thirds of the damages found by the referees discharged the defendant only to the amount paid; and instructed the jury, that, if the mortgagee recovered the damages, and the settlement was made in good faith on the part of the defendant, the settlement and release were a defence to this action by the mortgagor. We think that the instructions given were correct. The mortgagee had commenced an action against the defendant; the defendant denied its liability, and that is the question which was settled by the parties by compromise. If the defence was urged in good faith and was given up, and payment was made under a reasonable compromise, we think that the mortgagor is bound by it. There is nothing in his relation to the suit or question which should require the parties to litigate to the end a contested question, or deprive them of the right to agree upon a fair and reasonable compromise of a claim of liability contested in good faith.

So far as the liability of the defendant turned on a contested question of fact, the answer of the jury to the question submitted to them in this case shows that the compromise was a gain to the plaintiff; [*] so far as it turned on a controverted question of law, we think that the right of recovery was so doubtful that the settlement was a reasonable one for the plaintiff to make. See *Tuttle* v. *Tuttle*, 12 Met. 551. The defendant made the payment to the party entitled to it, in consideration of a reasonable compromise, and in good faith, and it cannot be required to contest again either the question of liability or the amount of damages.

---

[*] The jury found that the breaking of the dam was not in consequence of any negligence or mismanagement of the defendant in the construction, maintenance, or use of the dam; that the damage done by the flood to the land in question was $1691.66; and that the settlement by the defendant with the mortgagee was made in good faith. The amount of damages found by the referees was $1850.

The decisions that damages for the taking of land for public uses under statutes are to be assessed to the owner of the equity, without regard to mortgages upon the land, rest upon reasons wholly inapplicable to the case at bar. *Farnsworth* v. *Boston*, 126 Mass. 1.

As this decision disposes of the case, the other questions presented by the exceptions become immaterial.

*Exceptions overruled.*

*H. W. King*, for the plaintiff.
*F. P. Goulding*, for the defendant.