## MARIA McALLISTER

*v.*

## ROBERT FULTON McALLISTER.

[Decided March 3d, 1906.]

Where parties intermarry clandestinely, without any intention of establishing a matrimonial domicile, and on an agreement to live separately for the present, the separate living of the husband will not be a desertion of the wife until she repudiates the agreement for separate living by offering to live with him and demanding that he should provide for their living together. A demand by the wife that the husband should support her will not be sufficient unless accompanied by a *bona fide* offer to live with him.

On petition for divorce.

*Mr. Robert H. McAdams,* for the petitioner.

MAGIE, CHANCELLOR.

The parties to this cause, while resident in Connecticut, came to Brooklyn, N. Y., and were there married. After marriage each returned to the residence each had previously occupied. The marriage was clandestine, under an agreement by each not to publicly disclose the fact, and neither expected that a matrimonial domicile would be adopted for the present.

The petitioner testifies that after a short time she heard rumors of her husband's attentions to another woman, and threatened to disclose the marriage unless the attentions ceased. She did make a disclosure, and his parents asked her to come and live with them. She declares that her husband then stated that if she did he would leave his parents' house.

Of this testimony there is no corroboration.

She further declares that her husband, having lost his employment in Connecticut, desired her to go to her parents' house

in New Jersey, promising that when he procured employment he would "do the right thing by her."

There is, likewise, no corroboration of this evidence.

An agreement of married people to live separately is contrary to public policy. Either of them may repudiate it, and by a proper demand for a resumption of the marital relation may require the other to perform the marital duties of companionship and support. Such a demand must be accompanied with a *bona fide* expression of willingness to live in the marital relation. *Currier* v. *Currier,* *68 N. J. Eq.* 7, 797.

The master to whom the cause was referred has reached a conclusion that such a demand was made and refused, and that a desertion was thereby proved.

I am unable to approve that conclusion.

Upon petitioner's own evidence her demand was simply for support. Whether that evidence was corroborated admits of doubt. If corroborated, it was concededly unaccompanied with any expression of willingness to perform her duty as a wife. The parties had married with no intention of living together. Before the husband could be put in the wrong the petitioner was bound to express her willingness to live with him and to demand that they should live together.

In my judgment, the evidence is insufficient to support a decree of divorce, and the petition should be dismissed.