DELAVAN C. DELANO *vs.* NATHAN B. SMITH & others.

Middlesex. January 10, 1910. — September 6, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Mortgage,* Of real estate, Action by mortgagee for waste. *Board of Health. Waste. Smallpox. Damages,* To real estate from maintenance of smallpox hospital. *Practice, Civil,* Exceptions, New trial.

The mortgagee of land has such an interest in the property and its preservation as enables him to maintain an action in his own name for injury to it, and such right exists irrespective of whether or not he is in possession of the premises or has a right to possession because of a breach of the conditions of the mortgage, and notwithstanding he is a junior mortgagee and his security remains ample for his protection after the injury to the mortgaged premises.

If a mortgagor of real estate, after the rights of the mortgagee have become fixed by the proper making and recording of the mortgage deed, makes a lease of the mortgaged premises without the consent of the mortgagee, the rights of the mortgagee are not affected thereby.

Discussion by RUGG, J., of the nature of waste committed upon real estate.

Waste is an unreasonable or improper use, abuse, mismanagement or omission of duty touching real estate by one rightfully in possession thereof, which results in its substantial injury.

Mere injury to the reputation of real estate or the supposed diminution of its value resting on whimsical or emotional grounds or arising from dictates of custom or taste do not constitute waste.

The owner of certain real estate, consisting of a house of three tenements and a stable, which was subject to two mortgages, in 1901, without obtaining the consent

of the second mortgagee, leased the premises to the members of the municipal board of health for use as a smallpox hospital, and the board, without " taking up" the premises in the manner provided in Pub. Sts. c. 80, § 43, so used the premises for the treatment of forty-two persons, six of whom died there. The second mortgagee brought an action of tort against the members of the board of health as individuals for waste. *Held*, that it was a question for the jury whether the disease germs of smallpox, which through the action of the defendants were deposited within the premises, could be removed by disinfection or otherwise without material physical change in the premises, so as to make the premises as safe for residence as before their use as a hospital, and that, if the jury found that the germs could not be so removed and that the premises were damaged thereby, the action of the defendants might be found to constitute waste.

In submitting to the jury an action of tort in the nature of waste by the mortgagee of real estate against the members of a municipal board of health, to whom the mortgagor without the consent of the mortgagee had leased the mortgaged premises for use as a smallpox hospital and who had used the premises for that purpose, instructions should be given by the presiding judge which would permit the plaintiff, provided the jury were satisfied that it was not reasonable and proper to let the building for that purpose, to recover the amount of material diminution, arising from the occupancy for a smallpox hospital, in the value of the mortgaged property for every use which among ordinarily intelligent men is deemed valuable, having reference to the probable effects upon the property's future growing out of the presence of disease-producing conditions, in view of the existing state of the art of disinfection or other ways of making the premises healthful, and excluding all sentimental or fanciful notions affecting only its reputation. In this case, in which the bill of exceptions stated that the presiding judge ruled that as matter of law the plaintiff was not entitled to recover, but submitted the case to the jury only upon the question of damages " under instructions to which no exception was taken by the defendants," it being stipulated that, if the ruling of the presiding judge was wrong, judgment should be entered for the plaintiff in an amount assessed by the jury, this court, being of the opinion from an inspection of the record that the case was tried throughout upon the theory that recovery was sought and could be had for injury to the reputation of the estate apart from any physical waste, and although they were of the opinion that the ruling of the presiding judge was wrong, instead of ordering a judgment for the plaintiff according to the stipulation, ordered that such judgment should be entered unless within sixty days from the filing of the rescript the judge before whom the case was tried should decide after a hearing that justice required a new trial, and should enter an order to that effect.

TORT against the members of the board of health of the city of Everett as individuals for damages to certain real estate of which the plaintiff was mortgagee, caused by its being used as a hospital for the treatment of persons sick with smallpox. Writ dated January 3, 1905.

The case was tried before *Hardy*, J.

Besides the facts stated in the opinion, it was agreed by the parties that in November, 1901, and for some time previous to that date, the plaintiff held a second mortgage on the real estate

described in the opinion to secure a note of $2,500; that the front
tenement in the building was on Tremont Street and was partly
over and partly beside the store and was entirely separate and
unconnected in every way with the other two tenements or with
the store; that about November 18, 1901, a tenant living in the
front tenement was taken sick with the smallpox; that on No-
vember 22 the attention of the defendants as the board of health
of the city was called to that fact; that they did not remove or
attempt to remove the patient from the tenement, but caused all
the premises which were subject to the plaintiff's mortgage, ex-
cept the store, to be vacated, and quarantined the same and kept
the patient in the tenement until he recovered, about January 10,
1902, when the quarantine was removed and continued removed
for the space of seventeen days, when, after the lease hereinafter
described went into effect, the premises again were quarantined
for new patients; that on or about December 21, 1901, these
defendants, as members of the board of health for said city of
Everett, made and executed with Sallenger, the plaintiff's mort-
gagor, a lease, which is described in the opinion, of all the above
described premises except the store, to be used as a contagious
hospital for the period of three months from November 22, 1901,
and to be held at the option of the lessees for the term of four
months from the twenty-second day of said November; that
subsequently the lease was extended by Sallenger at the option
of the board of health of Everett; that upon expiration of the
extension and until they vacated the premises, the defendants
or their successors in office occupied the premises, yielding and
paying Sallenger the rent thereof; that from about February 4,
1902, the defendants or their successors in office occupied the
premises as a contagious hospital until September 8, 1902, and
continued in possession until December 22, 1902, paying rent
to the mortgagor; that the plaintiff did not know that any per-
son had been sick on the premises with the smallpox and did not
know that the lease had been given and that the premises were
being used as a smallpox hospital until some time during the
month of March, 1902; that at that time there had been no
breach of the condition of the plaintiff's mortgage which would
entitle him to foreclose the same or take possession of the prem-
ises; that on May 7, 1904, there previously having been a breach

of the condition of his mortgage, the plaintiff took possession of the premises for the purpose of foreclosing the mortgage and on May 17, 1904, foreclosed the mortgage by sale at public auction as provided in the mortgage, and became the owner of the premises under his entry and as purchaser at the foreclosure sale.

The plaintiff requested the following rulings, which the judge refused:

"(1) The plaintiff is entitled to recover for the diminution and impairment of his security as mortgagee by the acts of the defendants in occupying the premises, on which he held a mortgage, as a hospital for patients sick with the smallpox.

"(2) The mortgagee not in possession of real estate which is taken and used without his consent by the board of health of the city as a hospital for persons sick with the smallpox may maintain an action against the members of the board for the injury to his security if it appears that such use of the house damaged its rental value.

"(3) The owner of the equity cannot either himself, or give authority to any other person to, impair the security of the mortgagee, thereby causing substantial and permanent injury and depreciation to the mortgaged estate, and the damages are to be measured by the extent of the injury to the property.

"(4) Neither the mortgagor in possession of the mortgaged premises nor any one claiming under him has any license or right to use the property except in the same manner as such property is ordinarily used and as will not unreasonably impair the adequacy of the security."

The case, however, was submitted to the jury on the question of damages "under instructions to which no exception was taken by the defendants," no further mention of which was made in the bill of exceptions, it being stipulated by the presiding judge and agreed by the parties that if the above rulings and refusals to rule were correct, judgment was to be entered for the defendants, but if they were erroneous, judgment was to be entered for the plaintiff for the amount of damages assessed by the jury. The jury assessed damages in the sum of $1,800.

On all the evidence, the presiding judge ruled that as matter of law the plaintiff was not entitled to recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was argued at the bar in January, 1910, before *Knowlton,* C. J., *Morton, Hammond, Braley,* & *Sheldon,* JJ., and afterwards was submitted on briefs to all the justices.

*D. C. Delano, pro se.*

*N. P. Brown,* for the defendants.

RUGG, J.    This is an action of tort in the nature of waste. The defendants constituted the board of health in the city of Everett.    The plaintiff was the mortgagee of certain real estate in that city, the buildings upon which consisted of one house of three tenements and a store and a stable.    On or about the twenty-first day of December, 1901, the defendants, acting as members of the board of health, leased of the mortgagor said premises " to be used as a contagious hospital."    Occupation for that purpose began at once and continued until December 22, 1902, during which period forty-two persons sick with small-pox were treated, six of whom died.    The plaintiff did not know of the lease nor of such occupation until after it had continued for several months.    The defense is that the acts complained of were done under the authority of the lease given by the mortgagor.    It is to be noted that the defendants did not proceed under Pub. Sts. c. 80, § 43, then in force (now R. L. c. 75, § 46, as amended by St. 1906, c. 365, § 2).    They undertook to perform the public duty incumbent upon them of providing a proper place for the treatment of persons suffering from smallpox by agreement with the mortgagor, and not by any exercise of the power delegated by the Commonwealth.

Whatever may be the law in other jurisdictions by statute or otherwise, " it has long been settled in this Commonwealth that, as to all the world except the mortgagee, a mortgagor is the owner of the mortgaged lands, at least till the mortgagee has entered for possession."    *Dolliver* v. *St. Joseph Fire & Marine Ins. Co.* 128 Mass. 315.    Whether the mortgagee is in possession of the mortgaged premises or not, or whether his right to possession begins only with the breach of condition and there has been no breach, nevertheless he has such an interest in the property and its preservation as enables him to maintain an action in his own name for injury to it.    Such right of action is founded not upon the right to present possession, but on title to the estate. He may maintain such an action, although he is a junior mortga-

gee and although the security remains ample for his protection. He has a right to his security unimpaired.  The leading principles by which the rights of mortgagor and mortgagee may be worked out are clearly explained by Wells, J., in *Gooding* v. *Shea*, 103 Mass. 360.  Cases which recognize a right of action in the mortgagee to recover damages for injury to his security are numerous.  See for example *James* v. *Worcester*, 141 Mass. 361; *Wilbur* v. *Moulton*, 127 Mass. 509; *Searle* v. *Sawyer*, 127 Mass. 491; *Byrom* v. *Chapin*, 113 Mass. 308, 311 ; *Stewart* v. *Finkelstone, ante*, 28 ; *Ocean Accident & Guarantee Corp.* v. *Ilford Gas· Co.* [1905] 2 K. B. 493; *Fidelity Trust Co.* v. *Hoboken & Manhattan Railroad*, 1 Buch. 14.  An action for such injury lies as well against the mortgagor, although rightfully in possession. The mortgagor is liable to the mortgagee for waste.  The mortgagor in this respect stands to the mortgagee as a tenant to a landlord, or a tenant for life to a reversioner.  *Goodman* v. *Kine*, 8 Beav. 379.  *King* v. *Smith*, 2 Hare, 239.  *Page* v. *Robinson*, 10 Cush. 99.  *Hutchins* v. *King*, 1 Wall. 53.  A lease made by the mortgagor after the rights of the mortgagee have become fixed cannot affect the latter in any way without his consent. *Tilden* v. *Greenwood*, 149 Mass. 567.  *Elmore* v. *Symonds*, 183 Mass. 321.

The fundamental question, therefore, is whether upon the facts agreed it was permissible for the jury to find that waste had been committed.  Under the conditions prevailing in this Commonwealth waste is an unreasonable or improper use, abuse, mismanagement or omission of duty touching real estate by one rightfully in possession which results in its·substantial injury. It is the violation of an obligation to treat the premises in such manner that no harm be done to them and that the estate may revert to those having an underlying interest undeteriorated by any wilful or negligent act.  *Pynchon* v. *Stearns*, 11 Met. 304.  *United States* v. *Bostwick*, 94 U. S. 53, 65.  *Moore* v. *Townshend*, 4 Vroom, 284.  *Turner* v. *Wright*, 2 De G., F. & J. 234, 246.  30 Am. & Eng. Encyc. of Law, (2d ed.) 255, and cases cited.  Waste does not necessarily mean a subtraction of something from the corporal substance of the estate. Perhaps it may not always include change in material condition, though it is not necessary to decide that point in this case.  Its

early and frequent application was in an agricultural sense, where it means a damaging use not in accordance with good husbandry. *Pratt* v. *Brett*, 2 Madd. 62. *Patterson* v. *Central Canada Loan & Savings Co.* 29 Ont. 134, 137. It generally consists in some definite physical injury. This is shown by reference to the earlier definitions, as for instance that of Blackstone, who calls it a "spoil or destruction in houses, gardens, trees, or other corporeal hereditaments." 2 Black. Com. (Sharswood's ed.) 281.

On principle it follows that mere injury to the reputation of real estate or the supposed diminution of its value resting on whimsical or emotional grounds or arising from dictates of custom or taste do not constitute waste. These considerations have nothing to do with material substance, but depend upon evanescent or intangible preferences or prejudices. It is the commonly accepted view that smallpox is a contagious disease, spread through the instrumentality of germs, which although invisible to the naked eye are perniciously active and capable of causing loathsome and often fatal sickness. In *Commonwealth* v. *Pear*, 183 Mass. 242, is a statement of the judicial notice which the court will take of the horrors of smallpox. From the agreed facts the jury would have been warranted in finding that this building was filled in every nook and crevice with the microscopic germs of this dreaded disease. This might have been found to constitute an essential alteration in the qualities and condition of the house with reference to the purposes for which it was intended to be used, such as to constitute a definite injury. Inoculation with germs of glanders was held to be a "bodily injury" in *H. P. Hood & Sons* v. *Maryland Casualty Co.*, ante, 223. Sowing the seeds of noxious weeds was restrained as waste in *Pratt* v. *Brett*, 2 Madd. 62. Impregnation of a building with the indiscernible but vital germs of a dangerous malady is closely analogous to the sowing of seeds of deleterious plants, and may be in its effect far more detrimental. It may be in fact even more harmful than to tear down or remove a part of the building. It is in principle the same general kind of damage as the more familiar instances of waste. The possibility of germination of the disease germs which, it might have been found, were deposited through the action of the defendants within the house

in question was or might have been found to be waste, unless it is shown that they can be removed by disinfection or otherwise without material physical change in the building, so as to make it as safe for residence as before.   Whether this can be done or not depends upon evidence.   *Hersey* v. *Chapin*, 162 Mass. 176, while not decisive of the present case, seems to go upon the ground that the use of a building as a smallpox hospital might be an injury to the reversion.   See also *United States* v. *Bostwick*, 94 U. S. 53.

A case like the present should be submitted to the jury under instructions which would permit the plaintiff to recover the diminution in the value of his property for every valuable use among ordinarily intelligent men arising from the occupancy for a smallpox hospital, provided the jury were satisfied that it was not reasonable and proper to let the building for this purpose, having reference to the probable effects upon its future growing out of the presence of disease-producing conditions, in view of the existing state of the art of disinfection or other way of rendering it healthful, and excluding all sentimental or fanciful notions affecting only its reputation.

From an examination of the record there appears to be ground for the view that the case was tried throughout upon the theory that recovery was sought and could be had for injury to the reputation of the estate apart from any physical waste, and that the stipulation and agreement, that, in the event of the ruling to the effect that the plaintiff could not recover being wrong, judgment should be entered for the plaintiff, was made and entered into under such a misapprehension as to render what has taken place a mistrial or to make it unjust to hold the parties to it in view of the present opinion.   The declaration is broad enough to include damages of the nature which we have held may be recovered.   Hence the entry should be: Judgment for the plaintiff for the sum found by the jury, unless within sixty days from the filing of the rescript the justice of the Superior Court before whom the trial occurred shall decide after hearing that under these circumstances justice requires a new trial and enter an order to that effect.

*So ordered.*