*Northern District*

No. 5840

**STANLEY A. GACEK**

v.

**JOHN B. TIERNEY**

February 21, 1964

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Connolly, J.* in the District Court of Lowell. No. 3000 of 1962.

*Brooks, P. J.* Plaintiff, owner of a two family

home, lived in the upper apartment. In March of 1962 he rented the lower apartment to defendant at a weekly rental of $20.00. There was an agreement between them that defendant would paint and paper the premises if plaintiff supplied the material. Defendant was also to remodel the bathroom. There was no agreement to repair.

*There was evidence that* during the tenancy defendant did paint the kitchen ceiling and woodwork in the front room, papered the kitchen walls and was working in the bathroom when he was evicted after six months of occupancy of the apartment. The cause of eviction was not stated in the report. Prior to the eviction defendant had received notice that his rent would be increased by $5.00 a week. After the eviction plaintiff found much damage to the premises which he testified had been in good condition at the beginning of defendant's occupancy. Defendant, on the other hand, testified that the premises were desperately in need of work at that time. He testified with reference to the damage discovered by the plaintiff after the eviction that some of it was there at the beginning of the tenancy and that some was not there when he vacated the premises. He testified that part of his agreement to redecorate was that it was to be done in his leisure time which turned out to be minimal since he was working 75 hours a week and did not have an opportunity to remodel the bathroom.

Plaintiff offered the following requests for rulings:

1. The plaintiff is entitled to recover damages from the defendant if the defendant's voluntary wrongful act unnecessarily injures the property.

2. The plaintiff is entitled to recover damages from the defendant, even if the injury to the property was committed by a third person while the defendant was in possession of the premises.

3. If the defendant voluntarily undertakes to remodel the premises under the agreement with the plaintiff and then injures the property through negligence or through a wrongful act, the plaintiff is entitled to recover the damages flowing from the defendant's voluntary negligent or wrongful act.

4. If the defendant, under an agreement with the plaintiff, undertakes to remodel the premises he occupies as a tenant at will and abandons the premises after having commenced remodeling, but before the work is completed, the plaintiff is entitled to recover the damages caused by the defendant.

These requests were originally disposed of as follows:

1. *Denied.* The defendant, as a tenant-at-will, would be liable for voluntary waste.

2. *Denied.* The defendant would be liable for acts constituting voluntary waste

committed by a third person over whom he had control.

3. *Denied.* If the defendant, in remodeling the premises under an agreement with the plaintiff, commits voluntary waste, he would be responsible for the damage occasioned by such conduct.

4. *Denied.* This request is not in accord with the facts as I find them.

After the hearing on the draft report, the court substituted the following rulings for his previous rulings:

Plaintiff's request #1 is allowed without qualification but I find no voluntary wrongful act on the part of the defendant.

Plaintiff's request #2 is denied.

Plaintiff's request #3 is denied. I find no negligence or wrongful act on the part of the defendant or anyone for whose conduct the defendant was legally responsible.

The original ruling and finding under plaintiff's request #4 is not changed.

The court also made the following specific findings:

"I do not find that the defendant, or anyone for whose conduct he was legally responsible, committed voluntary waste on the property of the plaintiff."

■ Requests #1 and #3 were denied since they assumed a wrongful action on the part of defendant,—whereas the court explicitly found no wrongful action. That was a finding of fact which is not appealable unless erroneous as a matter of law which is not the

case here. *Dolham v. Peterson,* 297 Mass. 479, 481; *Bandera v. Donohue,* 326 Mass. 563, 564.

Request ‡4 likewise assumed a fact,— abandonment of premises by defendant which the court did not find to be a fact.

Request ‡2 raises a possible question of law namely,—whether the phrase "wrongfully permits" include failure to prevent acts by a trespasser.

In support of his claim that the phrase includes "failure to prevent," plaintiff cites *Fay v. Brewer,* 3 Pick 203. This was an action on the case in the nature of waste by the mortgagee of a reversion of an estate in dower entered after condition broken against a tenant for life. Defendant pleaded, *inter alia,* that the waste,—that is to say the cutting of trees, was committed by trespassers without his knowledge or consent. The court held that a tenant for life was liable to a reversioner for waste even though committed by a trespasser.

This case was cited in *Sackett v. Sackett,* 5 Pick 192,—also a case of a life tenant. *Fay v. Brewer* was again cited in *Richardson v. Wheatland,* 7 Met. 169, 171 but not on the issue of trespassing. Once more the case of *Fay v. Brewer* was cited in *Searle v. Sawyer,* 127 Mass. 491, 492,—but as in the previous case, not on the issue of defendant's responsibility for waste by a person over whom he had no control.

Examination of Hall's Landlord and Ten-

ant, the Massachusetts Digest and Sheppard's citations disclose no further citation in the Massachusetts Report of *Fay v. Brewer*. That fact plus the fact that *Fay v. Brewer* involved liability of a life tenant leads us to conclude that that case should not control the case before us involving a tenant from week to week. A life tenant is, next to the actual proprietor, the owner. He exercises more dominion over the property than a tenant at will and should perhaps be given greater responsibility in the matter of protecting the estate for the benefit of the reversioner.

At any rate, we are not disposed to reverse the trial court's decision in this matter. We find no error in the court's ultimate disposition of the requests for rulings and of his findings. *Report dismissed.*

F. R. Moranski, of Lowell, for the Plaintiff.
Louis M. Saab, of Lowell, for the Defendant.