VEE JAY REALTY TRUST CO. *vs.* ROBERT N. DiCROCE
& another.

Suffolk.   November 4, 1971. — January 11, 1972.

Present: TAURO, C.J., CUTTER, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Taxation*, Real estate tax: taking, sale of land of low value, tax deed.
   *Notice. Mortgage*, Of real estate: mortgagee as owner, tax title. *Deed*,
   Description, Tax deed.

A mortgagee of land not in possession is not entitled, as of right, to
   notice of a taking of the mortgaged property by a town for
   nonpayment of taxes pursuant to G. L. c. 60, §§ 53, 40, and must
   take some affirmative action to cause the notice to be sent to him.
   [753–754]

A trial judge's general finding in favor of the validity of a taking of
   land by a town for nonpayment of taxes included a finding that
   G. L. c. 60, § 53, requiring posting of a notice fourteen days before
   the taking "in two or more convenient and public places" was com-
   plied with where there was evidence that notices had been posted in
   the town hall and the local post office. [754–755]

A sale of a parcel of land after the issuance and recording of an
   affidavit of low value under G. L. c. 60, § 79, was not invalid on the
   asserted ground that the treasurer's deed of the property,
   previously taken by the town for nonpayment of taxes, did not
   contain an adequate description of the property where it made a
   clear reference to the instrument of taking, which did contain an
   adequate description. [755]

A low value sale of a parcel of land under the provisions of G. L. c. 60,
   § 79, was not invalid in that the parcel was sold "as a unit" together
   with two other parcels of land separately assessed to third parties.
   [755–756]

BILL IN EQUITY filed in the Land Court on February 28,
1967.

The case was heard by *Silverio, J.*

*Victor G. Fields* for the plaintiff.

*Augustus P. Vitali* for the defendant DiCroce.

HENNESSEY, J. The plaintiff appeals from a final decree entered in the Land Court dismissing its bill in equity in which it sought to have determined its ownership in a certain parcel of land located in the town of Whitman. The case is before us on a stipulation of facts and a partial report of the evidence. The judge made detailed and voluntary findings of fact.

The land in question was owned by one Alexander McDonald and was mortgaged by McDonald to one Max Garelick on September 9, 1958. On July 29, 1960, the locus was taken by the town for taxes unpaid in the year 1959. The taxes had been assessed to McDonald and demand for payment was made upon him. No personal notice of the proposed taking was given to the mortgagee Garelick. Subsequent to the taking and after the issuance and recording of an affidavit of low value under G. L. c. 60, § 79, the locus was sold on December 19, 1962, to one Rebecca Dame who has since conveyed the locus to DiCroce (the defendant). There was evidence that prior to the low value sale, notice was given to McDonald and notices of sale were posted in the town hall and the local post office. The plaintiff bases its claim of title to the locus upon a foreclosure deed dated November 9, 1962, and executed after foreclosure proceedings by Garelick against McDonald. After the sale to Dame, the plaintiff recovered $4,300.41 in an action against the town under G. L. c. 60, § 79, which provides for the recovery of surplus funds resulting from the sale of low value land.

The plaintiff alleges that the taking of July 29, 1960, by the town "was improper and a nullity" because it was made "without proper notice to nor the naming of all owners known to the Collector"; that Garelick, as mortgagee of the property, was entitled to notice of the taking; that the deed to Dame was defective in that it did not contain an adequate description of the locus; and that the low value sale to Dame was improper because the land in question was sold "as a unit" together with two other parcels of land

separately assessed to third parties. The judge ruled that the mortgagee was not entitled to notice of the taking, and that the low value sale and deed to Dame complied with the requirements of G. L. c. 60, § 79. There was no error.

1. The first issue raised by this appeal is whether the plaintiff's predecessor in title, as mortgagee, was entitled to notice of the taking. General Laws c. 60, § 53, as appearing in St. 1933, c. 164, § 3, governs the procedure to be followed in taking land for nonpayment of taxes. It provides that "[i]f a tax on land is not paid within fourteen days after demand therefor and remains unpaid at the date of taking, the collector may take such land for the town, first giving fourteen days' notice of his intention to exercise such power of taking, which notice may be served in the manner required by law for the service of subpoenas on witnesses in civil cases or may be published, and shall conform to the requirements of section forty. He shall also, fourteen days before the taking, post a notice so conforming in two or more convenient and public places." Section 40 provides, in part, that "[s]uch notice shall contain . . . the names of all owners known to the collector."

This court has consistently held that a mortgagee has legal title to the mortgaged real estate. *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68, 70. However, we have also said that "as to all the world except the mortgagee, a mortgagor is the owner of the mortgaged lands, at least till the mortgagee has entered for possession." *Dolliver* v. *St. Joseph Fire & Marine Ins. Co.* 128 Mass. 315, 316. *Delano* v. *Smith,* 206 Mass. 365, 369. A review of our prior decisions, and especially an examination of the general statutory scheme for the assessment and collection of real property taxes, leads us to the conclusion that a mortgagee not in possession is not entitled, as a matter of right, to notice of a taking under G. L. c. 60, § 53. The general rule as stated in G. L. c. 59, § 11, as amended through St. 1958, c. 549, § 2, is that "[e]xcept as provided in the three following sections, mortgagors of real estate shall for the purpose of taxation be deemed the owners until the mortgagee takes possession,

after which the mortgagee shall be deemed the owner."
See *Farnum* v. *Buffum*, 4 Cush. 260, 265.

The sections to which the exception applies deal with the
assessment of the mortgagee's interest in the property and
are not applicable to the present case. We do observe,
however, that one of those sections places the burden on
the mortgagee to file a statement indicating the extent of
his interest and that "[w]henever . . . such statement is
not brought in, no tax on . . . [mortgaged] real estate
. . . shall be invalidated for the reason that a mortgagee's
interest therein has not been assessed to him." G. L. c. 59,
§ 13. See *Worcester* v. *Boston*, 179 Mass. 41, 49. Similarly,
our reading of the statutes dealing with the collection of
taxes convinces us that here also the burden is on the
mortgagee to acquire notice of a taking. Chapter 60, § 53,
as amended, provides that the collector may commence
taking procedures if the taxes are not paid "within fourteen
days after demand therefor." However, "[n]o demand
need be made on a mortgagee, unless he has given notice
under section thirty-eight, in which case no demand need
be made on the owner or occupant." G. L. c. 60, § 16, as
appearing in St. 1933, c. 254, § 51. Also, § 39, as appearing
in St. 1933, c. 325, § 3, permits the mortgagee to designate a
place in the town where the land lies where the collector
can leave "any notice, demand for payment or other paper
relating to the taxes on such land." We think it is clear
from the above quoted statutes that the Legislature did not
intend to include a mortgagee not in possession among those
entitled to notice under § 53. On the contrary, it appears
that a mortgagee not in possession must take some affirmative
action to cause a notice to be sent to him. It follows that
in the present case, since the mortgagee was not in possession
and he filed no requests for notice from the town, the judge
was correct in ruling that he was not entitled to any notice
of the taking.

The plaintiff also argues that the taking was improper
because the provisions of G. L. c. 60, § 53, dealing with

the posting of notices were not satisfied. Section 53 requires that a notice be posted fourteen days before the taking "in two or more convenient and public places." There was evidence presented to the judge which showed that notices had been posted in the town hall and the local post office. The judge's general finding in favor of the defendant indicates that he found that the notices had been in fact properly posted. *Marlowe* v. *O Brien*, 321 Mass. 384, 386. Our review of the evidence indicates that such a finding was warranted.

2. The plaintiff further contends that the low value sale to Dame under G. L. c. 60, § 79, was invalid because the parcel was not adequately described in the deed. We do not agree.

The description of the parcel contained in the treasurer's deed is "Alexander McDonald, Plans 23 & 24, Block 1, Lot No. 2." The instrument also recites that the parcels involved are described in the instrument of taking. There then follows a reference to the book and page wherein the instrument of taking can be found. We have no doubt that, as to the instrument of taking which contains a reference to the lot by number on a recorded plan together with the street location and the square footage contained therein, the description is adequate. *Larsen* v. *Dillenschneider*, 235 Mass. 56, 57–58. That being so, the fact that the treasurer's deed does not contain so complete a description as appears in the taking instrument is of no consequence, since the treasurer's deed makes clear reference to an instrument which contains the more detailed description of the property. "It is enough if the description is reasonably accurate and fairly designates the property for the information of those interested." *Lowell* v. *Boland*, 327 Mass. 300, 302.

3. Finally, the plaintiff argues that the low value sale to Dame was improper because the land in question was sold "as a unit" together with two other parcels of land separately assessed to third parties. He relies on G. L.

c. 60, § 45. We disagree. The deed to Dame was a treasurer's deed governed by the provisions of G. L. c. 60, § 79, which authorizes the procedure followed here, rather than, as the plaintiff contends, by the statute dealing with a collector's deed.

4. We do not reach discussion of the defendant's argument that the plaintiff's action in pursuing its remedy under G. L. c. 60, § 79, is inconsistent with its present contentions and constitutes a bar to the relief sought by the plaintiff in the present case.

*Decree affirmed.*