**Jesse ROMAN, P/P/A Jenny Calderon, Plaintiff,**

v.

**Gary FRIEDLAND, Cynthia Friedland, Smith & Smith Realty, Inc. and George Butler, Defendants.**

**Civ. A. No. 92–30229–MAP.**

United States District Court, D. Massachusetts.

April 14, 1994.

---

John M. Thompson, Myles Jacobson, Linda J. Thompson, Jacobson & Thompson, P.C., Springfield, MA, for Jesse Roman.

Leonard S. Michelman, Michelman Law Offices, Springfield, MA, Lawrence G. Cetrulo, Thomas G. Cooper, Peabody & Arnold, Richard B. Kirby, Dori P. Kelly, Kirby and Governo, Boston, MA, for Gary Friedland and Cynthia Friedland.

Peter G. Hermes, Thomas Frisardi, Peabody & Arnold, Robert S. Steinberg, Elizabeth B. Burnett, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, for Phoebe Compton Brandt, George F. Brandt, Jr., Kimball L. Mason and Lee Thurston.

John M. Thompson, Myles Jacobson, Linda J. Thompson, Jacobson & Thompson, P.C., Springfield, MA, for Jenny Calderon.

Richard B. Kirby, Dori P. Kelly, Kirby and Governo, Boston, MA, for George Butler.

Maurice J. Ferriter, Michael O. Shea, Begley & Ferriter, Holyoke, MA, for Smith & Smith Realty, Inc.

Joseph A. Wilhelm, III, Wilhelm, Shimel & King, Northampton, MA, for Milton B. Howard and William James Christensen.

## MEMORANDUM REGARDING DEFENDANT CYNTHIA FRIEDLAND'S MOTION TO DISMISS

(Docket No. 63)

PONSOR, District Judge.

Plaintiff Jesse Roman (p/p/a Jenny Calderon, her mother) rented housing from defendants Gary and Cynthia Friedland. Plaintiff brought a two-count complaint alleging a violation of the Lead Poisoning Prevention and Control Act, Mass.Gen.Laws ch. 111 §§ 190 *et seq.* ("Lead Law"), and interference with the quiet enjoyment of their tenancy, Mass. Gen.Laws ch. 186 § 14. Defendant Cynthia Friedland has filed a Motion to Dismiss, or, in the alternative, a Motion for Summary Judgment, claiming she was improperly named as a defendant because she has no relation to the subject premises (8 Parkwood Street, Springfield, Massachusetts) and therefore owes no duty to plaintiff.

Since "matters outside the pleading are presented to and not excluded by the court," defendant's Motion to Dismiss will be treated as a Motion for Summary Judgment. Fed. R.Civ.P. 12(b)(6). Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The movant must show that the non-movant cannot prevail at trial on an essential element of her case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Torraco v. Maloney,* 923 F.2d 231, 234 (1st Cir.1992).

The Massachusetts Lead Law subjects owners of residential dwellings to liability when dangerous levels of lead are present in paint, plaster, soil or other accessible material in the house and any occupant of the house is less than six years of age. *Bencosme v. Kokoras,* 400 Mass. 40, 507 N.E.2d 748 (1987); Mass.Gen.Laws ch. 111 §§ 197, 199. Cynthia Friedland claims that she is not an "owner" within the meaning of the statute.

The only document movant appends to her memorandum in support of this assertion is a copy of a deed attributing ownership of the property giving rise to this litigation to her husband, Gary Friedland. Plaintiff, in contrast, shows that the lease she signed represents the landlord as "G.C. Friedland." Defendant does not dispute that these initials mean "Gary and Cynthia Friedland." Defendant avers that the only reason she was

named on the lease was to allow Cynthia to deposit the rent checks for Gary. This is not persuasive, since Cynthia had the authority to write checks and endorsed them "G & C Friedland."

Plaintiff's argument is further bolstered by certified documents from the Hampden County Registry of Deeds, showing that: 1) Both Gary and Cynthia Friedland were mortgagors on the apartment building where the leased premises were located; 2) Cynthia Friedland is named as a "Borrower" in the Collateral Assignment of Rents and Leases (a document she signed, which was properly recorded, states "Borrower has title to the premises located at 425 Sumner Ave and 8 Parkwood Street, Springfield, Massachusetts"); and 3) the UCC statement for the relevant property, executed and recorded at the Hampden County Registry of Deeds, states that: "[t]he names of the record owners of the real estate are: Gary A. Friedland and Cynthia Friedland."

Although Cynthia Friedland's name is not on the deed, she is undoubtedly a mortgagor in the property. The Massachusetts Regulations which define "owner" plainly state: "*Owner* means every person who alone or jointly or severally with others ... (b) has charge or control of any dwelling unit, residential premises, or residential property in any capacity including but not limited to a *mortgagor*, agent,...." Mass.Regs.Code tit. 105, § 460.020 (1994) (emphasis added).[1] Furthermore, " 'it has long been settled in this Commonwealth that, as to all the world except the mortgagee, a mortgagor is the owner of the mortgaged lands, at least till the mortgagee has entered for possession.' " *Vee Jay Realty Trust Co. v. Dicroce*, 360 Mass. 751, 753, 277 N.E.2d 690 (1972) (citing *Delano v. Smith*, 206 Mass. 365, 369, 92 N.E. 500 (1910); *Dolliver v. St. Joseph Fire & Marine Ins. Co.*, 128 Mass. 315, 316 (1880) (citations omitted)).

In light of the foregoing, it can hardly be doubted that Cynthia Friedland is an "owner" of the property at issue within the mean-

ing of the Lead Law. In any event, defendant has failed utterly to demonstrate the absence of a genuine issue of material fact as to her ownership of the litigated property.

For the foregoing reasons, Defendant Cynthia Friedland's Motion to Dismiss, which is being treated as a Motion for Summary Judgment, is hereby DENIED.

---

1. Although Cynthia Friedland's attorney cites this section of the Regulations in her memorandum, she misleadingly places a period after the word "capacity" in part (b), deleting the crucial language specifically referring to a mortgagor. *See* Defendant's Memorandum at 2. Whether intentional or negligent, this distorted citation reflects poorly on counsel.