HERMAN A. HAEUSSLER, Appellant, v. THE HOLMAN PAPER-BOX COMPANY, Respondent.

St. Louis Court of Appeals, May 10, 1892.

1. **Landlord and Tenant:** HOLDING OVER AFTER EXPIRATION OF LEASE. When a tenant holds over after the expiration of a written lease, the law, in the absence of a contrary provision by express contract, implies that he holds over subject to the terms of the lease, as far as the same are applicable to a monthly letting.

2. ———: ———: RIGHT OF GRANTEE OF REVERSION. If the landlord sells and conveys the reversion after the expiration of the lease, his grantee acquires a right of action for a subsequent breach of the terms of letting thus implied, but none for a breach occurring prior to the conveyance. The purchaser in such case acquires only a right to the premises in the condition in which they are at the time of conveyance.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Broadhead & Hezel*, for appellant.

(1) By holding over at the expiration of the ten-
ancy, a new tenancy from month to month was estab-
lished, and the law, in the silence of the parties,
presumes that the tenant holds the premises subject to
all such covenants contained in the original lease as
apply to his present situation. R. S. 1889, sec. 6371;
*Bishop v. Howard*, 2 B. & C. 100; *Jordan v. Ward*, 1
H. Bl. 99; *Diller v. Roberts*, 13 S. & R. 63; *Wire
Cloth Co. v. Gardner*, 99 Ill. 151; *Wolffe v. Wolffe*, 69
Ala. 549; *Achley v. Westevelt*, 86 N. Y. 448; *Tolle v.
Orth*, 75 Ind. 298; *Grant v. White*, 42 Mo. 285; *Bircher
v. Parker*, 40 Mo. 118; *Rigge v. Bell*, 5 T. R. 571;
*Beale v. Sanders*, 3 Bing. (N. C.) 850. (2) The
allegation that after the conveyance to Haeussler
defendant attorned to plaintiff, paying in rent under
the same terms and at the same rate as before, is a
sufficient allegation.

*Collins & Jamison*, for respondent.

(1) From the allegations appearing in the petition
this suit is for an alleged breach of covenants in a lease
which expired on January 1, 1890. The plaintiff
acquired the title to. the property on the seventeenth
day of October, 1890, nearly ten months after the expi-
ration of the lease. There is no allegation that the lease
was renewed. After January 1, 1890, the respondent
was simply a tenant from month to month and was not
holding under the lease; consequently, respondent can-
not be held under the lease for acts alleged to have been

done and performed on May 1, 1891, more than one year after the expiration of the lease. R. S. 1889, sec. 6371; *Delaney v. Flannigan*, 41 Mo. App. 656; *Drey v. Doyle*, 28 Mo. App. 256; *Hammon v. Douglas*, 50 Mo. 442. (2) The appellants having brought this suit for breach of covenants in the lease cannot now attempt to hold respondent on the theory that it used the premises in violation of its duties as a tenant from month to month. (3) There is no obligation on the part of the tenant from month to month to make any expenditures on the property rented and restore them to the condition claimed by plaintiff. Taylor's Landlord & Tenant, sec. 343; *Thorndyke v. Burroge*, 111 Mass. 531.

ROMBAUER, P. J.—The circuit court sustained a demurrer to the following petition, and the only question on this appeal is whether it states a cause of action. "Plaintiff, Herman A. Haeussler, states that, on the first day of January, 1885, one Alexander G. Black was the owner of the following described real estate, lying and being in the city of St: Louis, Missouri, to-wit: Lot number 35 of said city and a four-story brick building erected thereon, said premises being known as 3 South Main street; that defendant, Holman Paper-Box Company, at that time and since was and is a corporation under the laws of the state of Missouri. Plaintiff further states that on the twentieth day of October, 1885, said Alexander G. Black leased to the defendant by an instrument in writing executed in duplicate and dated October 20, 1885, the above described property at an annual rental of $2,000 per annum, payable monthly in advance, for a period of five years from January 1, 1885, and that defendants therein covenanted to surrender the premises at the expiration of the lease and all keys to the same to the said Black, or his assigns, in the condition received,

excepting natural wear and decay or the effects of fire, and to replace all broken glass, and that the improvements made on the premises by the lessee were to remain and belong to the said lessor at the expiration of the lease, and defendant further covenanted to keep the premises and tenement free from nuisance, and to remove all rubbish and ashes in the cellars and yards at its expense, and that defendant received the premises and occupied the same under the lease. Plaintiff states that the copy of said lease belonging to Black is lost, and the other copy thereof is in possession of the defendant. Plaintiff states that, at the time of the receipt of the premises under the lease, the premises and tenement were in perfect condition and repair, free from nuisance and rubbish, and all keys were given defendant.

"That said lease expired on the first day of January, 1890, and the defendant held over and remained in the possession of said premises and tenement under the same terms and conditions, paying in rent under the lease rate and according to its terms until the first day of May, 1891.

"Plaintiff states that, on the seventeenth day of October, 1890, said Black executed and delivered to plaintiff his good and sufficient deed to the above described premises for a valuable consideration, said deed being recorded on November 1, 1890, in the recorder's office of the city of St. Louis, Missouri, and that defendant at that time attorned to plaintiff, and paid his rent at the same rate and times as under original lease to plaintiff's agent. Plaintiff says that, on May 1, 1891, the defendant vacated said premises, and that defendant neglected and failed to surrender the keys and neglected and failed to return the premises in the condition received save the natural wear and decay and effects of fire, and failed and neglected to replace the broken glass and remove all rubbish and

ashes, but that defendant left said premises in a filthy, dirty condition; that the keys were not returned and that the floors in places are so soaked with oil as to become useless, and must be replaced; that defendant caused blocks of wood to be nailed or screwed to the ceiling, cut holes in the floors, broke the plastering, the iron hinges on the cellar doors, and left the cellar and second floor of said tenement full of pasteboard, paper, dirt, old boxes, barrels and boards; that defendant's employes broke the brick sills on the inside of said building, unnecessarily begrimed the whitened walls and painted woodwork; that numerous panes of glass were broken and unreplaced, and that by such failure to repair, replace the lights, keep the premises free from dirt and to surrender all keys, plaintiff is damaged in the sum of $1,000."

In the absence of a different rule, created by statute or by express contract, where a tenant holds over after the expiration of a written lease, the law implies that he holds over subject to the terms of the lease as far as the same are applicable to a monthly letting. Where the tenant holds over and there is no change in the ownership of the reversion, and breaches of the tenant's contract occur both before and after the expiration of the term of years, the landlord cannot sue for breach of covenant for the tenant's misconduct during his monthly occupancy, but can recover for those only as for a violation of the implied contract, while his action for breaches occurring during the term of years is an action on the express covenants of the lease. Since such would be the result, even where the landlord and tenant remain the same, it is *a fortiori* the result, where the landlord disposes of his interest after the expiration of the term, and during the tenant's monthly occupancy. The purchaser in such a case acquires the premises in the condition in which they then are, and not in a condition

in which they were years before. If the tenant attorns to the purchaser, he attorns to him as a monthly tenant, and not as the tenant of the term which has expired.

It was held upon very careful consideration in *Grandy v. Jubber*, 5 Best & Smith, 78, that even a tenancy from year to year is not a continuing tenancy, but is, in contemplation of law, a new letting every year. There the tenant suffered a continuous nuisance on the premises. In one of the years while the nuisance was existing, the defendant acquired the reversion of the premises and the tenant attorned to him and continued to hold under him. In the succeeding year the plaintiff's wife was injured by the nuisance. The judges were unanimous in opinion that the defendant was responsible, because, although the tenant continued to hold over without any new contract, yet, in contemplation of law, the premises were relet to him at the beginning of every year, and a landlord who lets premises with a nuisance existing thereon is responsible to third persons injured by the nuisance.

It is well settled that even the assignee of the reversion, during the term, can sue only for such breaches of covenants as occurred after the assignment to him. 2 Taylor's Landlord & Tenant, sec. 445. In the case at bar, plaintiff, in his petition, set out the covenants of the lease, without averring that he was the assignee of the lease. As the petition nowhere states in express terms that defendant violated any of the terms of the implied contract existing between him and the plaintiff, the court evidently treated the petition as a suit upon covenants of a lease, of which the plaintiff was not the owner, and, hence, not maintainable. But the proper test of the petition is not whether the relief it prays for is warranted by its averments, but whether the facts stated warranted any relief, and we are of the

Haeussler v. The Holman Paper-Box Co.

opinion that the petition does state a cause of action for relief.

It must be borne in mind that, although the covenants of the lease did not pass to the plaintiff without assignment, yet the defendant's holding under the plaintiff was upon a contract implied by his continued occupancy to the effect that the terms of his holding should be the same as under the lease, as far as such terms were applicable to a monthly tenancy. While the petition does not, in express terms, aver that these conditions were violated after the defendant's attornment to the plaintiff, it is a necessary inference from its allegations, that some of them were thus violated, because they thus relate to the final surrender of the premises, and are equally applicable to a tenancy from month to month, as to a tenancy for a longer period.

While on the one hand the plaintiff is not entitled to recover for breaches of the covenant, nor for any injury to the premises done prior to the time when he became the owner of the reversion, he is entitled to recover for all injury to the premises beyond ordinary wear and tear done to them by defendant while he held under the plaintiff, and for all losses suffered by the plaintiff relating to the surrender of the premises as far as such conditions are contained in the lease, and are consonant with a letting from month to month.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion. Judge BIGGS concurs; Judge THOMPSON concurs in the result.