(73 Misc. Rep. 294.)

METZGER v. PRICE.

(Supreme Court, Trial Term, Suffolk County. August, 1911.)

1. LANDLORD AND TENANT (§ 157*)—REMOVAL OF IMPROVEMENTS—RIGHTS OF TENANT.

Where a tenant erected a building on the rented premises, with a right to remove it, and thereafter takes a lease at an increased rental without reserving such right, he cannot thereafter remove it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 571–607; Dec. Dig. § 157.*]

2. LANDLORD AND TENANT (§ 157*)—ABANDONMENT OF POSSESSION—REMOVAL OF BUILDING.

Where a tenant abandons possession of the premises, on which he has erected a building, and notifies the landlord that he does not care to occupy longer, and she rents the premises, the tenant cannot thereafter remove the building.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 571–607; Dec. Dig. § 157.*]

Action by Ernest Metzger against Everett M. Price to restrain defendant from removing a building. Judgment for plaintiff.

Furman & Blue, for plaintiff.

JAYCOX, J. [1] The plaintiff is entitled to judgment herein. A number of years ago the defendant leased of the predecessor in title of the plaintiff a plot of ground, upon which he (the defendant) erected a building. He had the privilege of removing this building. Subsequently he sold the building to one Cleaves. Cleaves occupied it, apparently, for a time under the original hiring. He then took a new written lease, in which no mention is made of the privilege of remov-

al. The lease is for an increased rental. It also refers to a return of the premises in as good condition as when rented, necessary wear and damage by the elements excepted. This latter clause is necessarily indicative of the leasing of a building. The increase of rent would also indicate that there had been a change in the premises rented. The description in the lease is sufficient to cover buildings, if they were upon the premises. Under these circumstances, it seems to me that the cases of Talbot v. Cruger, 151 N. Y. 117, 45 N. E. 364, Loughran v. Ross, 45 N. Y. 792, 6 Am. Rep. 173, Stephens v. Ely, 162 N. Y. 79, 56 N. E. 499, and Precht v. Howard, 187 N. Y. 136, 79 N. E. 847, 9 L. R. A. (N. S.) 483, are decisive of the question.

[2] The defendant claims his right to removal under a bill of sale made to him by Cleaves. Not only had Cleaves taken a new lease, but apparently he had abandoned possession of the premises and notified the landlord that he did not care to occupy longer, and she had thereupon rented to another tenant, who was in possession at or shortly prior to the commencement of this action. If the right to remove the building had not been lost before, it seems to me it would have been terminated by the abandonment by Cleaves and the acceptance of such abandonment by the landlord.

Plaintiff is entitled to judgment as prayed for in the complaint, with costs.

Judgment for plaintiff.