FREDERICK C. THURBER, Respondent, v. ADDIE M. LOSEE,
Appellant.

Second Department, May 21, 1920.

Landlord and tenant — action by lessee to recover value of furniture
agreed to be purchased by lessor at termination of lease — counter-
claim for damages arising under covenant to surrender in good
condition — damages not limited to period subsequent to death
of lessor — covenant running with land — enforcement by devisee
of lessor.

Where in an action by a lessee to recover the value of furniture which the
lessor agreed to purchase on the termination of the lease, a counterclaim,
based on a covenant that the lessee would surrender the premises in as
good condition as reasonable use and wear would permit, is interposed,
and it appears that the original lease was between the defendant's devisor
and the plaintiff and that the action is on a renewal of that lease by the
defendant, the defendant is not limited in the proof of damage to the period
subsequent to the death of her devisor, but may show damage during the
period covered by the original lease and renewals thereof between the
plaintiff and the said devisor.

A covenant in a lease that the lessee will surrender the property in as good
condition as reasonable use and wear permits runs with the land and may
be enforced by the devisee of the lessor.

PUTNAM, J., dissents, with opinion.

APPEAL by the defendant, Addie M. Losee, from a judgment
of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of the county of Suffolk on the 3d day
of June, 1919, upon the verdict of a jury, and also from an
order entered in said clerk's office on the 6th day of June,
1919, denying defendant's motion for a new trial made upon
the minutes.

*P. L. Housel* [*Joseyh T. Losee* with him on the brief], for
the appellant.

*John R. Vunk*, for the respondent.

JENKS, P. J.:

On or about April 9, 1915, the plaintiff leased from the
defendant an inn for one year from May 1, 1915. There
were two renewals, of which the second expired on April 30,

1918. The lease and the renewals provided that at expiry of the term the lessor would buy certain furniture and household goods of that inn. The value thereof was to be determined by appraisers, and this was done. This action is to recover that value. The defendant joined issue by answer that *inter alia* contained two counterclaims. The second counterclaim presents the question which I shall consider.

The plaintiff had leased these premises first in 1904 from the husband of this defendant for a term of one year. There were nine successive renewals of the lease, whereby the plaintiff remained in possession of the premises until April 30, 1914. But that lessor had died on the previous March first, and had devised the premises to this defendant, who was the lessor thereafter. The said lease of 1904 contained a covenant that this plaintiff would quit and surrender the premises in as good a state and condition as reasonable use and wear permitted, damages by the elements, etc., excepted. This covenant was continued in the several renewals between the said original lessor and lessee and also in the lease and the renewals between the present parties.

The said second counterclaim rests upon this covenant. At trial the learned court excluded any testimony relative to a violation of the covenant during the periods that were within the time when the plaintiff and the defendant's said husband and devisor were lessee and lessor, respectively.

I think that the court erred in this limitation. If the original lessor had survived the termination of the last lease, the rule of *McGregor* v. *Board of Education of City of N. Y.* (107 N. Y. 511) would have applied and the counterclaim would have been available in full force (Code Civ. Proc. § 501, subd. 2), for the action upon such covenant is contract, not tort. (24 Cyc. 1112.) The covenant ran with the land (*Demarest* v. *Willard*, 8 Cow. 211; *Knutsen* v. *Cinque*, 113 App. Div. 677; *Lehmaier* v. *Jones*, 100 id. 495; Taylor Landl. & Ten. [8th ed.] § 262), and the defendant stood in the shoes of her devisor so far as her personal right of action upon that covenant was concerned. (Real Prop. Law, § 223.) The new lease of renewal required by the death of the original lessor did not affect the element of continuity that was considered in *McGregor's Case* (*supra*), and the variances therein as to

rental and water and sewer rates were not to my mind material to the question now considered. The evidence excluded was competent upon the question of damages for violation of the covenant. (Taylor, *supra,* § 368.)

The judgment and order should be reversed and a new trial should be granted, with costs to abide the event.

MILLS, BLACKMAR and KELLY, JJ., concur; PUTNAM, J., reads for affirmance.

PUTNAM, J. (dissenting):

The doctrine that a liability for breach of the covenant to surrender in good condition survives such surrender and the execution of a new lease has been applied to a strict renewal, that is, one with the same covenants and conditions running on through successive years in an unbroken and continuous term. There would be but one tenancy, its extensions resting in the option of the lessee. (*Orr* v. *Doubleday, Page & Co.,* 223 N. Y. 334.) On the death of H. C. Losee on March 1, 1914, appellant by such renewal possibly might have kept up this chain of liability. But instead, on April 9, 1915, she made a new lease quite independent in terms. The yearly rent went up from $1,200 to $1,500, with an extra rent in the summer months, and upon this new letting the tenant was to pay water and sewer rents. *McGregor* v. *Board of Education of City of N. Y.* (107 N. Y. 511) does not cover such a case. Can we, therefore, hold that the removal from the premises of the bar and back-bar, which occurred before 1914, survived defendant's new letting of buildings which at the demise were without these fixtures?

Where the situation is reversed, and the tenant makes additions (which he may remove during the first term), the legal effect of a new lease with no reservation was held to destroy the right of removal. (*Talbot* v. *Cruger,* 151 N. Y. 117; *Stephens* v. *Ely,* 162 id. 79; *Precht* v. *Howard,* 187 id. 136; *Metzger* v. *Price,* 73 Misc. Rep. 294.)

Hence I vote to affirm.

Judgment and order reversed and new trial granted, with costs to abide the event.