Graham, Judge,
delivered the opinion of the court:
This is a suit to recover, damages for injury to real estate due to alleged waste committed by the defendant under a written lease. The case is controlled by the principles announced by the court in the case of United States v. Bostwick, 94 U. S. 53, 68, 69. In that case there was no express agreement to leave the premises in as good condition as when received, ordinary wear and tear excepted, and there is no express agreement in the lease here involved. It was held that, while there was no express agreement to bind the United States to' make good any loss which necessarily resulted from the use of the property, it would be liable for any loss resulting from want of reasonable care in its use, and that the defendant was bound not to commit waste or suffer it to be committed; that is to say, that there was an implied covenant which required it not to alter, change, or disfigure the property any more than was necessary for the purpose for which it was leased; that there was an implied obligation, not to repair generally, but to use the property generally so as to make repairs unnecessary as far as possible. In other words, there was a covenant against voluntary waste and nothing more.
As stated, the lease involved here was a written one, but contained no express covenant to repair or to leave the premises in as good condition as when received. The right to recover, therefore, must stand upon the implied covenant and the principles governing it which have just been stated. The findings show that there was voluntary waste and that the injury due to this waste amounted to $16,000, and for this sum the plaintiff is entitled to recover. Judgment should be entered in favor of the plaintiff, and it is so ordered.
Sinnott, Judge; GreeN, Judge; Moss, Judge; and Booth, Chief Justice, concur.