Green, Judge,
delivered the opinion:
This is an action to recover damages for injury to real estate due to alleged waste committed by the defendant while in possession of the premises under a written lease.
It appears without dispute from the evidence that on December 15, 1917, the defendant leased of the Travelers Insurance Company a tract of land within the limits of the city of New York. The lease was thereafter renewed from year to year and the defendant continued in occupation and paid the rentals which accrued thereon to and including the 80th day of June, 1922. The property was leased to be used by the Government to construct a clearing hospital thereon, and the lease contained a provision as follows:
“All buildings and other improvements fixed to or erected or placed in or upon said premises by the lessee shall be and remain the exclusive property of the lessee, provided, however, that the same, unless previously sold or otherwise disposed of and removed, shall be removed by the lessee within thirty days after the said premises are vacated under this lease.”
The premises as they existed at the time they were leased were rolling undeveloped land, containing large deposits of sand and gravel and practically devoid of trees.
On May 18, 1922, the premises so leased by the Travelers Insurance Company were conveyed by deed of that company to Andrew J. Colton and Margaret Seguine, as joint ten *146 ants, and about the same date the lease or renewal thereof, under which the defendant was then in possession of the premises, was assigned by the Travelers Insurance Company to the said Andrew J. Colton and Margaret Seguine. On May 18, 1922, the defendant notified the Travelers Insurance Company that it would quit and relinquish possession of the leased premises not later than June 30, 1922. On May 26, 1922, the Government sold the buildings, fixtures,-etc., which were used in operation of the Veterans’ Hospital, and under the terms of the sale the purchasers were required to remove the propertjr sold before July 30, 1922, and to clear up the ground. The buildings, however, were not removed by the purchasers until the latter part of August, 1922. No exceptions have been taken to the commissioner’s findings of fact which we have in substance confirmed with some slight additions.
The evidence shows without dispute that the reversionary interest in the premises was damaged by defendant while it was in possession under the lease and also the amount of such damage. The only question in the case is as to whether defendant is liable for all or any of this damage, which depends on the law applicable to the case.
The defendant sets up a number of legal defenses, including want of jurisdiction of the court, the statute of limitations, and a defect of parties. It also denies liability generally on the cause of action pleaded.
The defense that the court has no jurisdiction of the cause of action pleaded is based on the theory that plaintiffs’ cause of action is founded on an assignment from the grantor in the deed under which plaintiffs claim title to the property, and reference is made in this connection to an assignment of the lease held by the grantor and executed on behalf of defendant as lessee. Whether these two instruments constituted a transaction which was in effect an assignment of the cause of action, we do not consider it necessary to determine, for even if such was the effect, we do not think it was within the statute with reference to assignment of claims against the Government for the following reasons:
*147 In tbis connection, however, it ought to be said that no formal assignment was made of any claim against the defendant. The theory of the defense on this point seems to be that the cause of action, if any, arose while the Travelers Insurance Company owned the premises involved, and that the plaintiffs’ cause of action is based on what amounts to an assignment thereof derived through the deed and assignment of the lease. The statute forbids assignments of claims against the Government and makes them void. In the enactment of this statute, Congress manifestly intended to prevent assignments that would operate as a fraud on the Government and other inequitable proceedings which would encourage litigation against the Government, such as the wholesale buying of claims against the Government and then commencing suit thereon. The Supreme Court has in several cases limited the application of the statute, especially in actions where the assignment resulted from operation of law. See Price v. Forrest, 173 U. S. 410; Middlebrook, Receiver, v. United States, 67 C. Cls. 294, 310; and Seaboard Air Line Ry. v. United States, 256 U. S. 655. If there was any assigmnent in this case it was by operation of law, and we think the principles laid down in the cases just cited apply. But in this connection a question arises whether under the New York law the action did not accrue directly to the plaintiffs, and consequently there was nothing for plaintiffs to assign. This question will be discussed further on in the opinion.
The plea of the statute of limitations seems to have been raised largely through a confusion in the pleadings. The plaintiffs first filed a petition in the names of Andrew J. Colton and Margaret Seguine. There was nothing in the petition to indicate that any other parties had an interest therein. When the evidence was taken, it developed that in fact they held the legal title as trustees for themselves and other parties. An order was made remanding the case for further evidence, giving leave to file an amended petition. Thereupon the first amended petition was filed, which set out as plaintiffs all of the parties having any interest in the property according to the evidence and stating that they *148 were owners in fee, which was obviously not the case according to the testimony. The court thereupon made another order calling attention to the situation and suggesting that another amended petition be filed in accordance with the evidence. The second amended petition was thereupon filed, in which Andrew J. Colton and Margaret Seguine were again named as plaintiffs, but described as trustees for Christian J. Bardes, John Castagnetti, Andrew J. Colton, George Cornell, John B. Cornell, Edward Seguine, Margaret Seguine, John Frederick Smith, and J. G. Van Horn. Before the second amended petition was filed, the situation was further complicated by the fact that after Colton and Seguine had acquired the legal title to the property as trustees, some of the parties for whom they held the land in trust made conveyances of their various interests, and this fact is made the basis of several different kinds of objections to the suit.
It is not necessary for us to consider these objections in detail. The statement of some general principles will dispose of them and the plea of the statute of limitations. It is well settled that the holders of legal titles to real estate may bring suit in their own names to recover damages for wrongful injury, and where the relief sought in nowise affects the relations of the trustees to the cestui que trust, the cestui que trust need not be made a party, although they are always proper parties, being the parties beneficially interested. 39 Cyc. 456. It was immaterial whether all of the cestui que trust were originally made parties. The changes that have been made in their interests do not in any way affect the right of the plaintiffs to bring this suit. The plaintiffs, as trustees, have a right to recover regardless of whether some of those for whom they hold the property have disposed of their interests. That is wholly a question between the trustees and the parties who claim an interest under the trusteeship.
The original petition was filed within the period of limitations. The two amended petitions were not. Where a new cause of action is introduced by an amendment to the petition filed after the statute has run, the bar of the statute applies, but a correction of the name of the plaintiff or a *149 mere change in the capacity in which plaintiff brings the suit, the substantive facts being the same, is not the institution of a new suit to which the statute of limitations applies 37 C. J. p. 1064, sec. 497, and cases cited in note 59. Consequently, the statute of limitations is not a bar to plaintiffs’ second amended petition.
The defendant urges that in any event the cause of action for the damages claimed arose before the execution of the deed and the assignment of the lease, and consequently the plaintiff can not recover therefor. The findings show that the waste for which recovery is sought was all committed prior to the time when plaintiffs acquired the property except that resulting from the litter and debris which was left on the premises after the buildings had been removed. The rule does not seem to be well settled in such cases. It has been held in many cases that the one who purchases the reversion after the expiration of the lease acquires no right of action for breach occurring prior to the conveyance. Haeussler v. Holman Paper-Box Co., 49 Mo. App. 631. But in New York the rule seems to be otherwise. There is an implied agreement in every lease not to alter, change, or disfigure property any more than is necessary for the purpose for which it is leased, and to otherwise return the property in as good condition as when taken over. United States v. Bostwick, 94 U. S. 53, 68, 69; Italian Nat. Rifle S. Soc. v. United States, 66 C. Cls. 418, 423; and section 223, laws of 1909, Chapter 52 (New York Statutes), provides as follows:
“ The grantee of leased real property, or of a reversion thereof, or of any rent, the devisee or assignee of the lessor of such a lease, or the heir or personal representative of either of them, has the same remedies, by entry, action, or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste, or for other cause of forfeiture as his grantor or lessor had, or would have had, if the reversion had remained in him.”
This provision received interpretation in Thurber v. Losee, 192 App. Div. 148, in which a recovery was allowed for a breach of a covenant in a lease to surrender the premises in as good condition as when taken over, although *150 it appeared that some of the acts causing the breach of this covenant were committed prior to the time when the purchase of the property was made by plaintiffs. In that case it was held that the action was one upon the covenants of the lease and not in tort. It differed from the case at bar in that the covenant was expressed and in the instant case it is implied, but in both cases it was the same.
The real property involved was situated in the State of New York and title thereto and all rights in connection therewith must be determined by the laws of New York.
If plaintiffs’ cause of action was solely based on the implied covenant to return the premises in as good condition as received, our conclusion would be made easier, but it is not based upon that covenant alone. The petition does not plead separately two causes of action, but plaintiffs’’ main cause of action appears to be set up in two different, forms: One for breach of the covenant above referred to; and the other for waste committed and damages to their reversion. The case would be quite simple if it was merely one for breach of this covenant because such breach could not occur until the defendant surrendered the premises,, which was after plaintiffs acquired title. But the damages, to the reversion, with the exception of the failure to remove the debris, all occurred prior to the time when plaintiffs obtained title. Under the New York statute this would be. immaterial if the suit was between two citizens, of that State, although the cause of action thereon originated while plaintiffs’ grantor held title and suit could have been commenced thereon by plaintiffs’ grantor. But in this suit, being against the United States, the question, again arises as to whether plaintiffs’ cause of action for damages to the reversion does not rest upon an assignment which is forbidden by the Federal statute. We think a consideration of the matters upon which the suit is based will show that the action is not based upon an assignment.
The defendant contends that independently of the Federal statute the reversioner has no right to bring suit for injury done the premises while in possession of his grantor.. Conceding arguendo that this is the correct rule, it is evident that no assignment, if there was any, would help plain *151 tiffs’ situation. If they recover at all, they must recover by virtue of the statute of New York which gave them the right to sue without any assignment. In other words plaintiffs get their right to recover by operation of law. Nor da we think the New York statute conflicts with the Federal statute. It is simply a rule of real estate law established in that State which confers certain rights and privileges upon the plaintiffs, and the State unquestionably has a constitutional right to enact such a statute which is binding in all courts when questions with reference to New York real estate are under consideration. It follows that even if it be held under the somewhat doubtful language of the petition that plaintiffs’ cause of action or part of it is for waste done before it acquired title to the premises, plaintiffs may nevertheless maintain their action.
Objections are made by counsel for defendant to plaintiffs’ recovery on account of changes in the beneficial interests of certain parties under the trust agreement made since plaintiffs acquired the title to the property involved. In our view of the case this does not affect the judgment herein. Plaintiffs, as the holders of the legal title, are entitled to recover for the whole amount of unnecessary damage done to the property by defendant, as shown by the evidence, and it is not necessary to fix the amount of the several interests and the names of the parties in whom they are vested in order to render the judgment. Excluding the plaintiffs, Colton and Seguine, none of these parties have any legal title in or to the premises and have no right to maintain an action aginst the Government even if such action was not barred by the statute of limitations. The settlement between them and the trustees for any recovery granted herein will be worked out between the several beneficiaries either by agreement or by the adjudication of some court other than the one now considering this case. We have made findings as to these beneficial interests, not because we considered them material but because they form the basis of some contentions on the part of the defendant.
How the markers or monuments came to be removed is not shown by the evidence. The probabilities are that it was necessary to remove some of them for the construction. *152 of the buildings or other purposes. There is no way to determine how much of this damage was unnecessary and therefore no recovery can be allowed on this item. The commissioner found that the value of the property was decreased $200 per acre by reason of the waste unnecessarily -committed by the Government, or in all $5,000, and that the reasonable cost of the removal of the debris was $1,500.
The plaintiffs also make a claim for rent of the premises lor the months of July and August, 1922, which apparently is based upon the fact that the parties to whom the Government sold the buildings were still engaged in wrecking and removing them during these months. The Government had served notice that it would quit and relinquish possession of the premises on June 30, 1922. Under the lease it had thirty days in which to remove the buildings, and the parties to whom the buildings were sold had agreed to remove them within that time. We do not think the Government was responsible on account of the wreckers remaining longer.
It follows from what we have stated above that plaintiffs are entitled to recover $6,500, for which judgment will according^ be rendered.
Williams, Judge; LittletoN, Judge; and Booth, GMef Justice, concur.
Whaley, Judge, did not hear this case and took no part in the decision thereof.