Whaley, Judge,
delivered the opinion:
The facts found by the court fully set out this case. The United States, being at war with Germany, in order to provide military training camps for its soldiers, found it necessary to procure large and extensive tracts of land. The plaintiffs were willing to enter into a lease but the Government took over the private property of plaintiffs under its military' powers in time of war, and from September 19, 1917, to November 7, 1921, used and occupied the land for military purposes in connection with Camp Kearney, located near the city of San Diego, California. Having used and occupied the property, to the exclusion of the owner, the Government was bound under the Constitution and statutes to pay just compensation therefor.
What Mr. Justice Holmes said in International Paper Co. v. United States, 282 U. S. 399, at page 406, is most appropriate in this case: “ The Government exercised its power in the interest of the country in an important matter, without difficulty, so far as appears, until the time comes to pay *214 for what it has had.” (See also Duckett & Co. v. United States, 266 U. S. 149.)
It is admitted the property was taken, by the commanding .general under orders of the Secretary of War. The serious .contention by the defendant is as to values for the use of .and damages to the freehold. This tract of land is situated .eighteen miles by traveled roadway from the city of San .Diego, off the main highway, and is not suitable for intensive ¡and extensive farming purposes, having a poor quality of ¡soil and lacking in adequate water supply. . We have carefully examined into the evidence and have concluded, taking into consideration the value of the property, its locality, ¡and availability, that a reasonable compensation for its use .and occupation is $12,425. Campbell v. United States, 266 U. S. 368; Phelps v. United States, 274 U. S. 341.
During the use and occupation of the property for the -period mentioned, the Government used a large, portion of it for artillery practice.' Many unexploded shells sank into -the ground and those shells which did not explode and remained on the surface of the ground were afterwards buried into the ground, upon orders of the Government officers, before the property was returned to its owners. These unexploded shells, or duds, which now remain in the ground, necessarily are a great menace and a detriment which seriously impair the useful value of the property for any purpose. The testimony shows that it is not only hazardous but expensive to remove these unexploded shells. From a •careful review of the evidence we have come to the conclusion that a fair and just amount for the damages to the property, occasioned by the shell fire, is $79,400.
This being a taking of the plaintiffs’ property by the Government, plaintiffs are entitled to just compensation,, and in order to give them the full equivalent of its value, it is necessary to allow interest from the date of relinquishment of the property by the defendant, not as interest, but as a part of just compensation, to the date of payment.
In Phelps v. United States, supra (p. 344), the court said:
“ Plaintiffs’ property was taken before its value was ascertained or paid. Judgment in 1926 for the value of the use of the property in 1918 and 1919, without more, is not *215 sufficient to constitute just compensation. Section 177 does not prohibit the inclusion of the additional amount for' which petitioner contends. It is not a claim for interest within the purpose or intention of that section. Acts of Congress are to be construed and applied in harmony with and not to thwart the purpose of the Constitution. The Government’s obligation is to put the owners in as good position pecuniarily as if the use of their property had not been taken. They are entitled to have the full equivalent of the value of such use at the time of the taking paid contemporaneously with the taking. As such payment has not been made, petitioner.is entitled to the additional amount claimed.. Seaboard Air Line Ry. v. United States, supra, 304; Brooks-Scanlon Corp. v. United States, 265 U. S. 106, 123; Liggett & Myers Tobacco Co. v. United States, ante, p. 215.”
The plaintiffs are entitled to recover from the United-States the sum of $91,825 with interest from November 7r 1921, to the date of payment. It is so ordered.
Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.
Williams, Judge, dissents as to the allowance of interest.