Littleton, Judge,
delivered the opinion:
The defendant entered into the possession of the property involved in this proceeding at the invitation of the plaintiffs’ lessee, the Jacksonville Chamber of Commerce, after the Secretary of War had been assured by the exhibition of the lease of September 10, 1917, that the chamber of *379 commerce had the right and authority to place the War Department in possession. There was no assignment, nor was there a sublease. There was no written provision of a lease which either restricted the defendant’s operations or imposed an obligation upon it in connection with its use and occupancy of the premises.
The defendant’s responsibility to the plaintiffs for rent began December 11, 1920, upon the termination of the three years and three months’ period of use permitted, and arose under an implied obligation to pay compensation for the continued use until November 5, 1921, and the implied obligation not to commit waste or damage. Plaintiffs contend that the defendant’s responsibility for waste or damage is covered by the provisions of the lease relative to the payment of damages “ by virtue of injury done to the said land,” for which the Government became responsible as successor and assignee of the chamber of commerce, and particularly by reason of the provisions of the act- of February 25, 1929. The jurisdictional act confines the plaintiffs’ right of recovery to the value of the use and occupancy from December 11, 1920, to November 5, 1921, and waste committed or damage to the property during the period of occupancy, other than such damage as may have occurred as a result of the reasonable and necessary use of the property for hospital purposes. The jurisdictional act only waives the defense of the statute of limitation and failure of plaintiffs to secure a written lease.
On or about September 10, 1917, the defendant accepted an authorized tender to use the premises for a base hospital for a period of three years and three months without payment of rent; the plaintiffs had been informed and were aware at the time of the execution of the .lease to the chamber of commerce that the intended use of their property was for a base hospital. The erection of buildings, the construction of roads, the installation of water and sewerage systems and drains were necessary for the use of the property. It was necessary to clear the thick growth of trees, underbrush, etc., to permit the erection of the various buildings, roads, and water system. It was necessary to alter in some degree the rough, uneven surface of the area to permit *380 of its use by the defendant; stagnant ponds of water were drained and surface water was controlled. There is no evidence that in its operations the defendant destroyed' trees, or graded, constructed, and installed structures other than as was appropriate and necessary for the construction and use of a base hospital of the magnitude of the one constructed upon this property.
The plaintiffs’ right of recovery in this case is limited to compensation for such damage as resulted from unauthorized use and from voluntary waste committed by the defendant, or the failure to exercise due care in the use of the property for the purposes for which it was permitted to use the same, and for reasonable rent for the use of the premises from December 11, 1920, to November 5, 1921. United States v. Bostwick, 94 U. S. 53; Italian National Rifle Shooting Society v. United States, 66 C. Cls. 418; Mount Manresa v. United States, 70 C. Cls. 144; Colton et al. v. United States, 71 C. Cls. 138. In the foregoing cases it was held that the defendant’s liability was for damages resulting from voluntary waste or unnecessary use, and the recovery in each case was determined by the application of this rule. Applying the rule announced and followed in those cases to the facts in this case, it is our opinion that plaintiffs are entitled to recover, as damages, $16,948.81, being the cost of filling in approximately 8,912 feet of ditches in width and depth ranging from 2 x y2 ft. to 5 x 5 feet, and from 11 x 11 ft. to 20 x 4 feet, at a cost of $13,412.33 and removing foundations, slabs, footings, abutments, and block foundations at a cost of $3,536.54.
We find no sufficient basis for the recovery of the remainder of plaintiffs’ claims in the amount of $37,774.10.
The sewer and. water pipes, the manholes, the brick-in concrete, the shell roads, and the pavements and culverts were all of vital necessity for the proper use by the defendant of the property as a base hospital. There is no satisfactory proof that the existence of these facilities constituted a menace to the property, such as was considered by the court in West v. United States, 73 C. Cls. 201.
*381 Plaintiffs contend that their property was susceptible of development as a suburban area for a country club or an amusement park. The existence of a water and sewer system as complete as this one was, with pipes buried three to eight feet below the surface, would tend to enhance its value rather than detract from it, and would be of no ultimate injury if used for suburban development or for a country club or amusement park. The same may be said of the roads. In any event, the construction of the sewer system, roads, pavements, and culverts was clearly a necessary adjunct to the reasonable use of the property, as was the macadamized road in the cases above cited. . The defendant in making these installations was exercising its full right as a tenant with no resulting responsibility with regard thereto.
The facts establish that the reasonable compensation to the plaintiffs for the use of the property by the defendant during-the period December 11, 1920, to November 5, 1921, was $3,000. Plaintiffs are therefore entitled to recover $19,948.87. Interest is not allowable in this case.
Judgment will be entered in favor of plaintiffs for $19,948.87. It is so ordered.
GbeeN, Judge; and Booth, Chief Justice, concur.
Williams, Judge, dissents as to the allowance of any amount in excess of $3,000.
Whaley, Judge, heard this case as commissioner, and took no part in its decision.