See, also, 76 F.Supp. 34.

James J. Zaydon, of Scranton, Pa., for plaintiff.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., for defendant.

## PERUCKI v. UNITED STATES.
### Civ. A. No. 3064.

United States District Court
M. D. Pennsylvania
Dec. 6, 1948.

WATSON, Chief Judge.

This action is brought under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq.[1] The alleged basis of the Court's jurisdiction is that Stanley Perucki, Plaintiff, suffered injury as a result of an examination by Dr. Agostini, an employee of the Veterans' Administration, for the purpose of obtaining information to be used in considering Plaintiff's appeal from a reduced rate of disability compensation for service incurred injuries.

Subsequent to the filing of the Complaint, the Defendant, the United States of America, filed a motion to dismiss for failure to state a claim upon which relief might be granted. At that time, the Defendant contended the case to be analogous to those in which a charitable institution is the defendant, and that the rule of respondent superior does not apply in the case of injuries occasioned by the negligence of agents or servants of charitable institutions. After hearing on the motion, it was denied by the Court, and, in doing so, the Court stated [76 F.Supp. 35]: "In view of the novelty and difficulty of the question of the relationship of the doctor to the defendant, this Court concludes that the motion should be denied at this time without prejudice. The proper application of the Act may become clearer on further proceedings."

[1] In 1948 Revision, 28 U.S.C.A. § 2671 et seq.

Since then, the Defendant has filed an answer and testimony has been taken by the Court without a jury. When the testimony was all in, the Defendant again moved to dismiss on the ground the action is not covered by the Federal Tort Claims Act.

From the evidence the following facts appear:

1. Plaintiff, Stanley Perucki, enlisted in the Army on September 24, 1943, and was honorably discharged from the Army on December 12, 1945.

2. On January 28, 1946, Plaintiff was rated fifty percent disabled from December 13, 1945 for injuries incurred in the service while in Italy, during World War II., when a bullet perforated his right thigh.

3. On May 2, 1946, Plaintiff was examined by doctors of the Veterans' Administration, and, as a result of that examination, Plaintiff was rated thirty percent disabled from May 13, 1946. Plaintiff has received compensation for this disability to the present time.

4. Plaintiff appealed from the reduction in his rate of disability and, on October 8, 1946, he received notice to report to the Veterans' Administration Office for an examination to obtain information in support of his appeal.

5. In response to this notice, Plaintiff reported to the Veterans' Administration Office in Scranton, Pennsylvania on October 14, 1946, and was assigned to Dr. Agostini.

6. Dr. Agostini was, on October 14, 1946, a duly licensed Doctor of Medicine in the Commonwealth of Pennsylvania, and was at that time serving as a full time doctor employed by the Veterans' Administration.

7. In the course of this examination, Dr. Agostini tested Plaintiff's legs for reflexes by jabbing a needle in Plaintiff's legs, by hitting Plaintiff's knees with a small mallet, and by applying lighted matches to Plaintiff's legs.

8. In the course of this examination, Dr. Agostini applied three lighted matches to Plaintiff's right leg and one lighted natch to Plaintiff's left leg.

9. As a result of the application of these lighted matches, Plaintiff received fourteen burns on his right leg and three burns on his left leg, all of which were about two finger lengths above the knee.

10. Some of the burns received by the Plaintiff were the size of a match head, and the remaining burns were smaller than the size of a match head. The burns on the right leg extended for about an inch and a half, and those on the left leg extended for about an inch.

11. Dr. Agostini applied salve to the burns immediately after they were sustained on October 14, 1946.

12. On October 14, 1946, after an examination on the advice of Dr. Agostini, Plaintiff went to Dr. Howell's office for the purpose of an examination of the wound caused by the bullet perforation of Plaintiff's right thigh. There is no evidence that Dr. Howell treated Plaintiff for the burns.

13. On October 16, 1946, Plaintiff visited the office of Dr. Simpson, who applied salve to the burns.

14. The Plaintiff suffered pain as a result of the burns, but continued to carry on his normal activities and felt no ill effects from the burns the second day after the burns were received, or thereafter.

A vast new field of litigation in the Federal Courts has been opened by the Federal Tort Claims Act. Few cases have been decided under the Act, and each new factual situation presents novel and difficult problems as to the construction and application of the Act.

The question of primary importance in the instant action is, whether the Federal Tort Claims Act covers the case; that is, does it apply to a suit by a veteran who suffered injuries while in the combatant activities of the military forces, who is injured while undergoing an examination for the purpose of obtaining information in support of his appeal from a decision reducing his rate of disability, by a doctor of the Veterans' Administration by the wrongful act of the doctor?

The Plaintiff relies upon that provision of the Federal Tort Claims Act, which reads as follows: "Subject to the provisions of this chapter, the United States

district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, * * * sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, * * * on account of personal injury * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment". 28 U.S.C.A. § 931.[2]

The Act in Section 421, 28 U.S.C.A. § 943[3] provides that it shall not apply to certain claims. The exceptions are clearly defined and are twelve in number. Among them Exception (j) reads as follows: "The provisions of this chapter shall not apply to any claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war."

The claim of the Plaintiff in this case originally arose out of the combatant activities of the military forces, and the basis of the claim set forth in the Complaint here could not have arisen if it had not been for the injury which the Plaintiff sustained while engaged in the combatant activities of the military forces. The injury, if any, sustained by the Plaintiff as a result of burns was connected with the military service of the Plaintiff.

It is my opinion that the exception referred to applies here and, if my conclusion to that effect is correct, this Court is without jurisdiction.

The Plaintiff was not without a remedy. The World War Veterans' Act of 1924, as amended, 38 U.S.C.A. § 421 et seq., provides for compensation to veterans injured undergoing examination for benefits. Title 38 U.S.C.A. § 501a-1 reads in part as follows: "Where any veteran suffers or has suffered an injury, * * * as the result of having submitted to an examination under authority of any of the laws granting monetary or other benefits to World War veterans, and not the result of his misconduct, and such injury or aggravation results in additional disability to or the death of such veteran, the veteran or his dependents shall be entitled to the same benefits as are provided for those who suffer an injury or an aggravation of any existing injury as a result of training, hospitalization, or medical or surgical treatment under the provisions of section 501a of this title."

In Jefferson v. United States, D.C.D.Md. 1948, 77 F.Supp. 706, the plaintiff claimed damages because of an army surgeon's negligence in performing an operation while Plaintiff was in the army. Judge Chestnut held in that case that the plaintiff could not maintain an action under the Federal Tort Claims Act and in the opinion said, inter alia, in referring to United States v. Standard Oil Co. of California, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, "The case strongly emphasizes the particular nature of government-soldier relationship and this furnishes strong support for the view that it was not the intention of Congress in passing the Tort Claims Act to include in the phrase 'any claim' those by former soldiers for service-connected disabilities for which there was already existing a large body of federal legislation." [77 F. Supp. 714]

It is obvious that Congress, in passing the Federal Tort Claims Act, intended by so doing to transfer the consideration of the ordinary run of tort claims from an otherwise overburdened Congress to the Federal Courts, and what Congress must have had in mind was not such claims as the one involved in the case of Jefferson v. United States, supra, and the one involved in the present case but the ordinary run of tort claims affecting ordinary citizens.

In view of the conclusion which I have reached, namely, that this action is not covered by the Federal Tort Claims Act, it is unnecessary to make any finding or conclusion as to negligence of Dr. Agostini resulting in damages to the Plaintiff. I have concluded for the reasons stated that this action must be dismissed and an order to that effect will be entered.

Now, December 6, 1948, this action is dismissed.

---

[2] In 1948 Revision, 28 U.S.C.A. § 1346.

80 F.Supp.—61

[3] In 1948 Revision, 28 U.S.C.A. § 2680.