Vicente R. PALOMO, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 50-59.

District Court of Guam.

Nov. 15, 1960.

634

W. Scott Barrett and Walter S. Ferenz of Turner, Barrett & Ferenz, Agana, Guam, for plaintiff.

H. G. Homme, Jr., U. S. Atty., District of Guam, and Olen W. Burnett, Asst. U. S. Atty., District of Guam, Agana, Guam, for defendant.

GILMARTIN, District Judge.

This is a motion, made pursuant to Federal Rule of Civil Procedure 12(b) (1), 28 U.S.C.A., to dismiss this action for lack of jurisdiction over the subject matter.

The complaint alleges that the defendant leased certain realty from the plaintiff for the period July 1, 1951, to June 30, 1957; that during said time. employees of the defendant damaged the property in the sum of $155,557.45; and that the property has never been restored to its original condition. There are two causes of action set forth. The first paragraphs of the first and, by reference, second causes of action read,

> This action is one for injury to real property, arising out of the wrongful acts and/or admissions [sic] of agents and employees of the United States Government while within the scope of their office or employment, the court having jurisdiction pursuant to section 1346(b) Title 28, United States Code [, part of the Federal Tort Claims Act].

There is no prayer for relief, as required by Federal Rule of Civil Procedure 7(b) (1), but as the damages are alleged to be in the sum of $155,557.45, it will be assumed that plaintiff seeks that amount. By stipulation of the parties, photographic copies of two written agreements have been submitted to the

Court as being the leases under which the defendant was in possession of the property.

## I

The United States Court of Claims has exclusive jurisdiction of any civil action or claim against the United States which exceeds $10,000 and is founded upon a contract with the United States, cf. 28 U.S.C. § 1491 with § 1346(a) (2), although that jurisdiction is shared with the District Courts where the claim does not exceed $10,000. 28 U.S.C. § 1346(a) (2). On the other hand, all tort actions which may be brought against the United States must be brought in the District Courts regardless of the amount sought. 28 U.S.C. § 1346(b).

In the present case the defendant argues that the leases under which it was in possession of the property expressly create in the plaintiff a potential right of action of waste; that the plaintiff cannot waive his rights under those express contracts and sue in tort; and that since the plaintiff's action is for an amount in excess of $10,000 and must be prosecuted, if at all, as an action founded upon contract, this Court has no jurisdiction, for the Court of Claims has exclusive jurisdiction of civil actions against the United States, in excess of $10,000, which are founded upon contracts.

█ The paragraphs in each lease bearing on this problem are identical and read as follows:

9. It is recognized by the parties hereto that prior to entry under this lease the premises were used and occupied under the authority of the condemnation proceedings identified as Civil Nos. 15–47, 3–48, 1–49, 1–50, and 38–50. The Lessor, by execution of this lease, does not waive any right of compensation it may have for use and occupation under these proceedings. To permit the Govern-

ment to close the condemnation proceedings hereinabove referred to, the Lessor hereby expressly waives any and all other rights in him arising out of these proceedings, including but not being limited to rights of restoration of his property, any and all right, title and interest in and to improvements placed on his property by the Government under the proceedings, and any and all right to the payment of damages for waste committed on the property by the Government under these proceedings; Provided, however, that the Government hereby covenants and agrees that any and all such rights, title and interest expressly waived hereunder, arising out of the condemnation proceedings, are specifically revived and preserved in the lessee [1] under this lease agreement, it being expressly agreed and understood between the parties hereto that the date of entry for the purpose of establishing any such rights, title or interest of the lessee [2] and obligations of the Government is the date of original entry onto the property by the Government under condemnation proceedings identified as Civil No. 15–47.

This language in no way creates in the plaintiff-lessor any right to bring an action for injury to the realty.

"The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Guam Civil Code (1953), § 1641.

Taking all of the clauses of paragraph nine together, their effect is to state a very limited waiver of rights by the plaintiff-lessor. The plaintiff-lessor only waives certain rights arising out of the condemnation proceedings. The proviso, rather than bestowing any rights

---

1, 2. Two later agreements, extending the leases, each contained the following paragraph: "5. There is hereby deleted from lines 16 and 19 of paragraph 9 of said Lease the word 'Lessee', substituting therefor the word 'Lessor'."

upon the plaintiff-lessor, is merely a device for carefully limiting the effect of the waiver of rights arising out of the proceedings. Apparently, the only reason for the inclusion of paragraph nine at all was to "permit the Government to close the condemnation proceedings" and not to delineate rights of the plaintiff-lessor under the leases. While the leases expressly bar the plaintiff from bringing an action for injury to the realty under the condemnation proceedings, they in no way actually create in the plaintiff, *qua* lessor, a potential right of action for waste. For any such right of action plaintiff-lessor must look, not to the leases, but to the law of Guam.

## II

■ What is the nature of plaintiff's cause of action herein? As discussed above, the present cause of action cannot be viewed as the assertion of an express contractual right. Therefore, it would be reasonable to construe the action as being brought pursuant to Guam Code of Civil Procedure (1953), § 732:

> "If a * * * tenant for * * years * * * of real property, commit waste thereon any person aggrieved by the waste may bring an action against him therefor * * *."

However, an action of waste may be considered either as sounding in tort, as in the code section last quoted, or as the prosecution of rights under a contract *implied* from the lessor-lessee relationship.

> * * * It is apparent that the law of waste *can* be regarded as a part of the law of torts, since it deals with wrongful and actionable conduct and the available remedies for such wrongs. It is equally apparent that this body of law *can* be viewed as a set of rules designed to compel persons to live up to the terms of the agreements which are explicit or implicit in the circumstances which gave rise to the split in ownership. 5 Powell, Real Property 6 (1956) (author's emphasis).

In one case waste was defined as

> "* * * an unreasonable or improper use, abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession which results in substantial injury." Delano v. Smith, 1910, 206 Mass. 365, 92 N.E. 500, 501, 30 A.L.R., N.S., 474.

and the court characterized the suit as "an action of *tort* in the nature of waste." 92 N.E. at page 500 (emphasis added). In a "suit to recover damages for injury to real estate due to alleged waste," recovery was based upon "an *implied* covenant which required [the lessee] not to alter, change or disfigure the property." Italian Nat'l Rifle Shooting Society v. United States, 66 Ct.Cl. 418, 423 (1928) (emphasis added).

In the light of the above, plaintiff's action herein can be viewed either as being founded upon an implied contract or as sounding in tort.

## III

For over one hundred years the United States Court of Claims has had jurisdiction to render judgments against the United States on claims founded upon implied contracts, see 10 Stat. 612 (1855), and today has such jurisdiction where the claims exceed $10,000. Cf. 28 U.S.C. § 1491 with § 1346(a) (2). On several occasions prior to the passage of the Federal Tort Claims Act, the Court of Claims allowed lessors to recover damages from the United States for injury to realty, under facts substantially the same as those alleged in the complaint herein, basing its decisions upon the lessee's implied promise to leave the premises in as good condition as when received. Colton et al. v. United States, 1930, 71 Ct.Cl. 138; Resort Hotel Co. v. United States, 1930, 69 Ct.Cl. 691; Italian Nat'l Rifle Shooting Society v. United States, supra. Hence, prior to the time the Federal Tort Claims Act was enacted, there was already a remedy against the United States available to aggrieved lessors, *viz.*, an action of waste

in the Court of Claims upon the implied covenant to leave the premises as they were at the inception of the lease.

The Federal Tort Claims Act was originally passed as a part of the Legislative Reorganization Act of 1946, 60 Stat. 812 (1946), and presently reads, in part, as follows:

"Subject to the provisions of chapter 171 of this title, the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment * * *." 28 U.S.C. § 1346 (b).

Chief Judge Magruder has said,

" * * * One of the principal purposes of the Federal Tort Claims Act was to relieve Congress of the burdensome consideration of private bills * * *." State Farm Mut. Liability Ins. Co. v. United States, 1 Cir., 1949, 172 F.2d 737, 738.

To much the same effect are the following:

"It is obvious that Congress, in passing the Federal Tort Claims Act, intended by so doing to transfer the consideration of the ordinary run of tort claims from an otherwise overburdened Congress to the Federal Courts." Perucki v. United States, D.C.M.D.Pa.1948, 80 F.Supp. 959, 961.

"The Federal Tort Claims Act constituted Title IV of the Legislative Reorganization Act of 1946. The purpose of Title IV was to relieve Congress of the burden of determining the merits of tort claims against the United States." Van Wie v. United States, D.C.N.D.Iowa 1948, 77 F.Supp. 22, 30.

From this it might be argued that in enacting the Federal Tort Claims Act Congress did not intend to allow recovery in situations wherein a remedy was already available, because in those situations it was not under the burden of having to deal with the claims by private bill, and that, therefore, plaintiff herein cannot bring a tort action of waste in this Court but must be relegated to his action on the implied contract in the Court of Claims, since the latter remedy was available prior to the passage of the Act.

In the opinion of this Court such a conclusion cannot be justified. According to the Act itself, the United States may be sued in tort

" * * * under circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b) (emphasis added).

As District Judge Day has stated,

"The language of Title 28 U.S. C.A. § 1346(b) indicates a congressional purpose that the United States shall be treated as if it were a private person in respect of torts committed by its employees * *." New England Helicopter Service v. United States, D.C.D.R.I.1955, 132 F.Supp. 938, 939.

There is no question but that if defendant herein were, in fact, a private person, plaintiff could maintain the present action of waste, pursuant to Guam Code of Civil Procedure (1953), § 732, against it in this Court. Since the test is simply whether a private person could be sued under the same circumstances, the fact that a cause of action such as that arising from the facts herein could have been brought in the Court of Claims even prior to the passage of the Federal Tort Claims Act as a suit on an implied contract does not bar the plaintiff from asserting his present right of action in this Court as an action of waste sounding in tort.

The motion is denied.

It is so ordered.